## THURSTON v. UNITED STATES.

### MOORE v. SAME.

(Circuit Court of Appeals, Fifth Circuit. March 21, 1917. Rehearing Denied April 28, 1917.)

Nos. 2958, 2968.

1. CRIMINAL LAW ⬤1094—APPEAL—QUESTIONS PRESENTED—ABSENCE OF BILL OF EXCEPTIONS.

Where there is no bill of exceptions showing evidence admitted or rulings by the court, errors relating to the admission of evidence and the refusal to give special requested charges cannot be considered.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2807, 3204.]

2. POISONS ⬤9—SALE OF NARCOTICS—INDICTMENT—PHYSICIANS AND PHARMACISTS.

Under Harrison Act Dec. 17, 1914, c. 1, § 2, 38 Stat. 786 (Comp. St. 1916, § 6287h), making it unlawful to sell the named narcotic drugs, except under certain conditions, but providing that the prohibition shall not apply to the dispensing of the drugs to a patient by a physician registered under the act, if such physician keeps the record required, nor to a sale by a dealer on a written prescription, which shall be kept by the dealer, and section 8 (Comp. St. 1916, § 6287n), providing that it shall not be necessary to negative any exemption in indictments under the act, but the burden of proof shall be on the defendant, an indictment for conspiracy to violate the act is not defective because it alleges that one of the defendants was a physician registered under the act and that the other was a proprietor of a drug store, since they could violate the act notwithstanding those facts.

[Ed. Note.—For other cases, see Poisons, Cent. Dig. § 6.]

3. CONSTITUTIONAL LAW ⬤42—RIGHT TO RAISE QUESTION—INTEREST.

In a prosecution for the violation of the Harrison Act, regulating the sale of narcotics, where no question of seizure was involved, defendant cannot attack the validity of that act because of its provisions authorizing searches and seizures.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 39, 40.]

4. INDICTMENT AND INFORMATION ⬤203—SUFFICIENCY—SEVERAL COUNTS.

Where defendants were convicted on all ten counts of the indictment, and the sentence could have been imposed under any one of the counts, conviction will be affirmed, if any of the counts was sufficient.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 651–656.]

5. CONSPIRACY ⬤43(6)—INDICTMENT—VIOLATION OF HARRISON ACT.

An indictment charging a physician and a druggist with conspiring to violate the Harrison Act held fully to inform the defendants of the charge so as to be sufficient to put them on trial.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 86, 91.]

In Error to the District Court of the United States for the Southern District of Texas; Waller T. Burns, Judge.

E. T. Thurston and J. D. Moore were convicted of conspiring to violate the Harrison Act, relating to the sale of narcotics, and of violating that act, and they separately bring error. Conviction affirmed in each case.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

W. E. Price, of Galveston, Tex., for plaintiff in error Thurston.

Guy Graham and Geo. S. Walton, both of Houston, Tex., for plaintiff in error Moore.

John E. Green, Jr., U. S. Atty., of Houston, Tex.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PARDEE, Circuit Judge. The above numbered and entitled cases arise under the same indictment, and practically present the same questions before this court for review. The plaintiffs in error were prosecuted, both being charged jointly under section 37 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1096 [Comp. St. 1916, § 10201]) with conspiracy to commit an offense against the United States by violating section 2 of the act of December 17, 1914, commonly known as the "Harrison Act," and with sales, etc., of drugs to specific persons in violation of section 2 of said act.

Thurston, pending the impaneling of the jury, withdrew his plea of not guilty and entered a plea of guilty, and he was thereupon adjudged guilty of conspiracy and of selling narcotics contrary to law, as charged in the indictment, and thereafter sentenced to one year of hard labor. Following the same, he filed a motion in arrest of judgment, on the ground that the indictment does not allege an offense against the laws of the United States with the particularity required by law to apprise the defendant of the charge against him, that the indictment does not allege an offense against the laws of the United States, and on further grounds that his plea of guilty was made in the hope of receiving an award of a light fine, which he understood that he was promised if he would plead guilty, and which he did upon the advice of counsel, though against his wishes, and that the evidence adduced upon the trial proved conclusively that he comes within the exemptions of the act which he is charged as violating, and that the act under which he was convicted is unconstitutional. His motion in arrest of judgment being overruled, he sued out this writ of error.

In No. 2958, the record shows that, after the plea of guilty upon the part of Thurston, the court proceeded with the trial of Moore, resulting in a verdict finding him guilty on all counts of the indictment as charged. Thereupon defendant filed a motion to set aside the judgment and for a new trial, which was overruled by the court. Thereupon he was sentenced to be imprisoned at hard labor for a term of two years, and sued out this writ of error.

His first and second assignments of error relate to the admission of evidence; the third, fourth, and fifth charge errors in refusals to give certain special charges requested; and the sixth assignment of error is on the ground that the indictment does not sufficiently charge an offense against the laws of the United States. His seventh assignment of error is to the effect that the court erred in rendering judgment upon the verdict of the jury, because the evidence showed and the indictment admitted that J. D. Moore was a regular practicing physician, and that the evidence showed that all that had been done by him was done in his professional capacity, and all lawful under the act.

[1] In neither 2958 nor 2968 are there any bills of exceptions showing evidence admitted or rulings by the court. It follows that in each case the only question that we can review here is as to the sufficiency of the indictment, and that none of the assignments of error, except those which raise that question, can be considered.

[2] Noting that, the fact admitted in the indictment that each of the parties charged had registered under the act was no conclusive, if pertinent, evidence for either party; for, although they had registered, they could conspire to violate the act, and although registered they could each violate the act. The second section of the said Harrison Act provides as follows:

"Sec. 2. That it shall be unlawful for any person to sell, barter, exchange, or give away any of the aforesaid drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Commissioner of Internal Revenue. Every person who shall accept any such order, and in pursuance thereof shall sell, barter, exchange, or give away any of the aforesaid drugs, shall preserve such order for a period of two years in such a way as to be readily accessible to inspection by any officer, agent, or employé of the Treasury Department duly authorized for that purpose, and the state, territorial, district, municipal, and insular officials named in section 5 of this act. Every person who shall give an order as herein provided to any other person for any of the aforesaid drugs shall, at or before the time of giving such order, make or cause to be made a duplicate thereof on a form to be issued in blank for that purpose by the Commissioner of Internal Revenue, and in case of the acceptance of such order, shall preserve such duplicate for said period of two years in such a way as to be readily accessible to inspection by the officers, agents, employés, and officials hereinbefore mentioned. Nothing contained in this section shall apply—

"(a) To the dispensing or distribution of any of the aforesaid drugs to a patient by a physician, dentist, or veterinary surgeon registered under this Act in the course of his professional practice only: Provided, that such physician, dentist, or veterinary surgeon shall keep a record of all such drugs dispensed or distributed, showing the amount dispensed or distributed, the date, and the name and address of the patient to whom such drugs are dispensed or distributed, except such as may be dispensed or distributed to a patient upon whom such physician, dentist or veterinary surgeon shall personally attend; and such record shall be kept for a period of two years from the date of dispensing or distributing such drugs, subject to inspection, as provided in this act.

"(b) To the sale, dispensing, or distribution of any of the aforesaid drugs by a dealer to a consumer under and in pursuance of a written prescription issued by a physician, dentist, or veterinary surgeon registered under this act: Provided, however, that such prescription shall be dated as of the day on which signed and shall be signed by the physician, dentist, or veterinary surgeon who shall have issued the same: And provided further, that such dealer shall preserve such prescription for a period of two years from the day on which such prescription is filled in such a way as to be readily accessible to inspection by the officers, agents, employés, and officials hereinbefore mentioned."

There are other exemptions given, but they are not pertinent to these cases. The last clause of section 8 reads as follows:

"Provided further, that it shall not be necessary to negative any of the aforesaid exemptions in any complaint, information, indictment, or other writ or proceeding laid or brought under this act; and the burden of proof of any such exemption shall be upon the defendant."

Section 9 provides:

"That any person who violates or fails to comply with any of the requirements of this act shall, on conviction, be fined not more than $2,000 or be imprisoned not more than five years, or both, in the discretion of the court." (Comp. St. 1916, § 6287o).

Section 37 of the Penal Code provides:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than ten thousand dollars, or imprisoned not more than two years, or both."

[3] It is incidentally charged in Thurston's sixth assignment of error, and otherwise contended, that the whole Harrison law is unconstitutional because of the provisions contained in sections 2 and 5 (Comp. St. 1916, § 6287k) of the said act which, it is claimed, authorize the search of the houses and seizure of the private papers and effects of a citizen without a warrant, in violation of the Constitution and guaranties of the Fourth and Fifth Amendments.

It is not necessary to consider this question, because such searches are not involved in these cases, and heretofore it has been held in the Supreme Court of the United States, in United States v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, and recently in this court, in Baldwin v. United States, 238 Fed. 793, —— C. C. A. ——, that the act is a valid revenue measure.

[4] The indictment contains ten counts, in all of which the parties have been found guilty, and the sentences imposed do not exceed the punishment that the court could have awarded on each or any count of the indictment. It follows that, if any count of the indictment charges an offense, conviction will stand. Claasen v. United States, 142 U. S. 140, 12 Sup. Ct. 169, 35 L. Ed. 966.

[5] The first count of the indictment is the principal and leading one. It is too lengthy to copy in full, but we take as a correct analysis of the same the one given by counsel for Thurston, which we think fully and fairly covers the case:

"Leaving out the formal parts, the indictment reads as follows: 'That J. D. Moore and E. T. Thurston did willfully, unlawfully, knowingly, and fraudulently conspire together and among themselves to commit an offense against the laws of the United States, to wit, to sell, barter, exchange, give away, dispense, and distribute to divers and sundry persons to the grand jurors unknown, and not in pursuance of the written order of any of such persons so unknown to the grand jurors, on a form issued in blank for the purpose by the Commissioner of Internal Revenue of the United States of America, large quantities of morphine, heroin, and cocaine, which said conspiracy was to be effected, executed, and carried out as understood and agreed between said parties in substantially the following manner, to wit: The said E. T. Thurston was one of the proprietors and the active manager of a certain drug store, and the said J. D. Moore was a practicing physician, each being duly registered with the collector of internal revenue for the Third district of Texas, as required by the act approved December 17, 1914, and said J. D. Moore was to prescribe, write, and deliver prescriptions to all persons applying to him therefor for large quantities of morphine, heroin, and cocaine, and each of them, not in good faith for meeting the immediate needs of any such persons, nor to effect a cure of any such persons in the course of his professional prac-

tice only, such persons then and there being habitual users of and addicted to the use of such narcotic drug, nor to treat any such persons then and there suffering from an incurable or chronic disease in the course of his professional practice only, but. on the contrary, with the intent and purpose to dispense, distribute, barter, sell, exchange, and give away such narcotic drugs, and each of them, for the purpose of catering to and satisfying the cravings of such persons for such drugs, which said prescriptions were to be thereafter filled, dispensed, distributed, bartered, sold, exchanged, and given away by the said E. T. Thurston for the aforesaid purpose. That in pursuance of the aforesaid and unlawful conspiracy, combination, confederation, and agreement, and to effect the object and purpose of the same, on divers and sundry days and dates to the grand jurors unknown, the said J. D. Moore did write and deliver prescriptions to divers and sundry persons whose names to the grand jurors are unknown, prescribing quantities ·of morphine, heroin, and cocaine for such persons so unknown, which said prescriptions the said E. T. Thurston did thereafter fill, dispense, distribute, barter, sell, exchange, and give away the amounts and quantities of morphine, heroin, and cocaine therein called for and prescribed.' "

We think that this count fully informs the defendants of the charges they were brought to answer, and fully shows that it was sufficient to put the defendants on trial on the charge of conspiracy to violate the Harrison Narcotic Law. If they did the acts conceded to be charged in the indictment, they engaged in a conspiracy to violate the laws of the United States and carried the conspiracy into effect.

This count being sufficient, it is unnecessary (as noted above) to consider the other counts. It follows that none of the assignments of error in these cases are well taken, and the judgment of the District Court should be affirmed in each case, viz. No. 2958 and No. 2968.

And it is so ordered.