## CABIALE et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. December 5, 1921.)

No. 3679.

1. **Intoxicating liquors ⟨⟩215—Indictment held not defective for failure to allege sale of liquor for beverage purposes.**

An information charging that the defendants unlawfully, willfully, and knowingly did "sell certain intoxicating liquor, to wit, claret wine, containing one-half of 1 per cent. or more of alcohol by volume, and then and there fit for use for beverage purposes," and that said sale was in violation of Act Cong. Oct. 28, 1919, tit. 2, § 3, *held* not subject to objection that it was not alleged that the wine was sold for beverage purposes.

2. **Intoxicating liquors ⟨⟩222—Information alleging that sale was in violation of Prohibition Act held to negative sale for legitimate purposes.**

A count in an information alleging a sale of intoxicating liquors, and that the sale was "then and there prohibited and unlawful, and in violation of section 3" of title 2 of the National Prohibition Act, necessarily excludes the idea that the wine was sold for legitimate and not for unlawful beverage purposes.

3. **Intoxicating liquors ⟨⟩233(1)—In prosecution for violation of National Prohibition Act, admission of tags used in purchase held not error.**

In a prosecution for violation of the National Prohibition Act, where the government agents procured tags used for making purchases, *held*, that there was no error in the admission of the tags in evidence.

4. **Criminal law ⟨⟩1038(3), 1056(1)—Exception to charge and request for modification below is necessary for hearing objection on appeal.**

Objection to observations contained in the court's charge cannot be heard, where the defendant made no request in the trial court for any modification thereof, nor made any exception thereto.

In Error to the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Louis Cabiale and Andrew Donizello were convicted of violation of the National Prohibition Act, and they bring error. Judgment affirmed.

Chauncey F. Tramutolo, of San Francisco, Cal., for plaintiffs in error.

John T. Williams, U. S. Atty., of San Mateo, Cal., and Thomas J. Sheridan, Asst. U. S. Atty., of San Francisco, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. In nine counts the plaintiffs in error and seven other persons, their employees, were charged by information with certain violations of the National Prohibition Act (Act Oct. 28, 1919, c. 85, 41 Stat. 305). The ninth count was subsequently withdrawn.

Upon the trial there was a verdict of not guilty as to all of the defendants, except the two plaintiffs in error. Each of them was found guilty by the jury under count 3 of the information, and each of them was found guilty under certain other of the counts, and not guilty as

to certain of them. Count 3 was the only count that under. the law admitted of a judgment of imprisonment against the plaintiffs in error, and the judgment here brought for review imposed imprisonment upon them on the verdict of guilty under that count.

The third count is therefore the only one for our consideration, as is practically conceded by the attorneys of the respective parties. It alleges that the plaintiffs in error and their named employees, above referred to, at a certain time and place within the city and county of San Francisco, unlawfully, willfully, and knowingly, in violation of the National Prohibition Act, did—

"sell certain intoxicating liquor, to wit, claret wine, containing one-half of 1 per cent. or more of alcohol by volume, and then and there fit for use for beverage purposes; that the sale of the said intoxicating liquor by the said defendants at the time and place aforesaid was then and there prohibited and unlawful, and in violation of section 3 of title II of the Act of Congress of October 28, 1919, to wit, the National Prohibition Act."

The contentions on the part of the plaintiffs in error are that count 3 of the information does not state facts sufficient to constitute a crime against the government; that as to both of the plaintiffs in error the evidence is insufficient to justify the verdict upon which the judgment is based; that the trial court erred in admitting certain evidence, and in denying the offer of the defendants to introduce certain evidence, and further erred in a portion of its charge to the jury.

[1, 2] The first objection mentioned is based upon the view that the third count does not allege that the wine was sold for beverage purposes. That, we think, is a mistaken view. If a comma had been put after the word "use," immediately preceding the words "for beverage purposes," there would be no ground whatever for the contention; or if, after the word "volume," the word "and" had not been used, but in lieu thereof the words "which wine was" had been inserted, making the latter part of the clause read "which wine was then and there fit for use for beverage purposes," the point made would in that respect be clearly well taken. But as the language of the count actually reads, we think its clear meaning is that the wine alleged to have been sold by the plaintiffs in error was so sold for beverage purposes, and was fit for such use. Furthermore, the count alleges that the sale of the intoxicating liquor so sold "was then and there prohibited and unlawful, and in violation of section 3" of the Prohibition Act. That averment, as said by the attorney for the government, necessarily excludes the idea that the wine was sold for a legitimate purpose.

In the case of Fyke v. United States, 254 Fed. 225, 165 C. C. A. 513, which arose under the Harrison Narcotic Act (Comp. St. §§ 6287g–6287q), the Circuit Court of Appeals for the Fifth Circuit held that an indictment charging that the defendant sold narcotic drugs in violation of that act was sufficient, and that it was not necessary to therein negative any of the statutory exemptions or exceptions specified in the act—the court saying:

"The third proposition presented by the demurrer is that the indictment does not sufficiently aver that the defendant did not come within one or more of the statutory exceptions or exemptions. Section 8 of the act (Comp. St.

1916, § 6287n) contains this language at the end of it: 'Provided further, that it shall not be necessary to negative any of the aforesaid exemptions in any complaint, information, indictment, or other writ or proceeding laid or brought under this act; and the burden of proof of any such exemption shall be upon the defendant.'

"There are exceptions and exemptions in section 8, to which the language of the proviso might be referred. The Court of Appeals for the Seventh Circuit has, however, construed it to apply to all exceptions and exemptions, theretofore mentioned in the act, including those in section 2. We cannot agree with the contention that Amend. art. 6, of the federal Constitution, would prevent Congress from so enacting. An indictment, though it failed to exclude defendant from the excepted classes, would sufficiently inform him of the nature of the accusation against him. If, in the light of the proviso of section 8 and the construction given it, there was any necessity resting upon the government to negative the fact that defendant was a member of one of the excluded classes, we think the indictment sufficiently does so. Each count alleges that 'neither the said Billie Brown [the buyer of the drug] nor the sale as aforesaid came under any of the exceptions and exemptions provided for in the act of Congress aforesaid.'

"The criticism is that, while it covers an exemption in favor of the buyer and the sale, it does not exclude the possibility of the exemption of the seller. If the sale was not excepted from the prohibition of the act, as alleged in the indictment, then the seller was necessarily punishable for making it, since the act imposes upon the seller penalties for making any sale made unlawful by its terms. We think the averments of the indictment sufficient in their exclusion of the statutory exceptions and exemptions, which we construe to be synonymous terms. even if a necessity for said averment were held to exist."

See, also, Rothman et al. v. United States (C. C. A.) 270 Fed. 31; Melanson v. United States, 256 Fed. 783, 785, 168 C. C. A. 129; Thurston v. United States, 241 Fed. 335, 154 C. C. A. 215; Wallace v. United States, 243 Fed. 300, 305, 156 C. C. A. 80.

[3] There was ample evidence to sustain the verdict in question. but it is useless to go into its details, although we insert an excerpt from the testimony of the witness Kupser, a prohibition agent of the government, since there appears by it a sufficient answer to the objection made to the introduction of the "tags":

"I was present," said the witness. "on the evening of the 23d of July of this year at the place known as the Gianduja place, where the defendants here conduct their business. During the raid that night of the Gianduja café and restaurant, I was instructed to take a position near the cash register, or where the checks were paid, and there I received the liquors which were taken from the various tables, and took charge of those. I will state in particular that the various liquors that were brought up, the liquors which were seized on the table occupied by Mr. Poultney and his friends that night, those liquors were brought to me by Agent Shurtleff and Agent Shaen, and the liquors seized from that particular table were put in a separate bottle. This bottle now shown me is the bottle containing the liquid that was taken from Agent Poultney's table. The other liquors, which were taken from the other tables, were put in other bottles, but the other liquors which were taken from the other parts of the premises, such as the bar, I had nothing to do with. I believe they were subsequently taken to the government chemist. I recognize the defendant Cabiale, sitting directly back of Mr. Tramutolo, and I also recognize the large gentleman with the mustache. I believe he was in charge of the bar in the saloon premises. I noticed, as the various waiters would come up with their tags, they would have some sort of a tag and produce it at the cashier's, where he registered it, and the amount was rung up according to what appeared on the tag. The tags were then put in the cash register.

I got some of those tags on that evening. These are some of those tags which were in the bundle in the cash register. I did not put any marks on them. I put no identification marks on them. I believe they were turned over to Mr. Shaen; that is, after we arrived back at the agent's office they were put in his desk.

"Thereupon the United States attorney offered the said tags in evidence; the two offered read as follows: 'Gianduja Restaurant, Waiter No. 10, Check No. 24. Number of persons. 2 Café Royal $1. 1 whisky, 74 cents. 2 wine, 50 cents, $2.25. War tax, 10 cents. $2.35.' 'Gianduja Restaurant, Waiter No. 10, check No. 36. Short 25 cents. 2 Café Royal $1. 2 whisky, $1.25. 1 wine 25. Total, $2.50.'

"To the introduction of this evidence counsel for the defendant then and there objected, upon the grounds that there was no means of identifying the said tags and that the same were not taken pursuant to a search warrant.

"The Court: You cannot raise that question here in the middle of the trial. There is a time and place to try that issue. You cannot try it here now."

There was no error in the admission of the tags. See Adams v. New York, 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575; Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177. That the tags so admitted were pertinent to the issue is obvious.

[4] It is a sufficient answer to the objection made to some general observations contained in the charge of the court below to say that at the time it was given there was no request on the part of the defendant for any modification thereof, nor was there any exception entered to the charge as given, nor is the giving of the charge even specified as error.

The judgment is affirmed.