THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ROY M. PAGE, Defendant.

Supreme Court, Special Term, Albany County, July 3, 1944.

*Nathaniel L. Goldstein, Attorney-General (Hiram C. Todd, Martin H. Weyrauch and Lester G. Rubenstein of counsel), for plaintiff.*

*E. Stewart Jones and Daniel H. Prior for defendant.*

MURRAY, J. Roy M. Page stands indicted by the Grand Jury for the Extraordinary Special and Trial Term of the Supreme Court in and for the County of Albany, convened by order of the Governor of the State of New York, dated December 20, 1943, charged with the crimes of grand larceny in the first degree (Penal Law, §§ 1290, 1294), grand larceny in the second degree (Penal Law, §§ 1290, 1296) and corrupt bargaining for appointment (Penal Law, § 1832). He moves on the minutes of the Grand Jury for a dismissal of the indictment. Defendant was elected to the Senate of the State of New York in 1936 as Senator for the Fortieth Senatorial District, comprising the counties of Broome, Cortland and Chenango, and thereafter elected for two further terms, and at the expiration of his last term in office as Senator he was elected Surrogate of Broome County, which office he now occupies.

The indictment consists of eighty-six pages of typewritten matter at variance, in quantity at least, with the mandate of the statute, section 275 of the Code of Criminal Procedure, that an

indictment must contain a plain and concise statement of the act constituting the crime, without unnecessary repetition. It is prolix, verbose, ambiguous and bristles with inconsistencies and contradictions. It contains sixty-one counts. Page after page charges defendant, first, with stealing money, the property of various particularly named persons, and then, with stealing the identical same sums of money from the People of the State of New York, by means and methods not only conflicting but as far apart as the poles.

A fair sample of such incongruous pleading is revealed in the first four counts of the indictment which charge in substance that defendant from on or about the 3rd day of February, 1939, to on or about the 23rd day of June, 1939, *obtained from Gladys Wheeler certain property owned by her having an aggregate value of $959 lawful currency of the United States, and checks, drafts and orders for the payment of money received by her as salary from the State of New York, by color and aid of fraudulent and false representations and pretenses made to said Gladys Wheeler.*

The third count of the indictment charges that defendant from on or about February 3, 1939, to on or about the 23rd day of June, 1939, and with intent to deprive and defraud the State of New York *of its property, obtained from said State of New York, property owned by it having an aggregate value of $959 lawful currency of the United States, and checks, drafts and orders for the payment of money, by color and aid of fraudulent and false representations made to the said State.*

The second count in the indictment charges that defendant from on or about the 3rd day of February, 1939, to on or about the 23rd day of June, 1939, *with intent to deprive and defraud Gladys Wheeler of her property stole, took and carried from the possession of Gladys Wheeler, property owned by her, having an aggregate value of $959.*

The fourth count in the indictment charges that defendant from on or about the 3rd day of February, 1939, to on or about the 23rd day of June, 1939, *with intent to deprive and defraud the State of New York of its property stole, took and carried from the possession of the State of New York, property owned by the State of New York, having an aggregate value of $959.*

Similar allegations are repeated thereafter at length and in detail with reference to defendant appropriating to his own use moneys owned by Irene Davidson, Margery Law, Olga Hotchkiss, Thomas D. Nolan and Darwin R. Wales, and earned

by them as salaries working as general clerks, stenographers and committee clerks for the Senate of the State of New York, by aid and color of false representations and pretenses made by defendant to them, and also by direct theft from them, and obtaining the same identical sums of money from the State of New York also by color of false representations and pretenses made to it, and also from the State of New York by direct theft. The dates of such offenses range from the months of February, 1939, to December, 1942, inclusive.

In three separate counts in the indictment, defendant is charged with asking and receiving gratuities and rewards and promises from Margery Law, Olga Hotchkiss and Darwin R. Wales, constituting the crime of corrupt bargaining for appointment. (Penal Law, § 1832.)

The People claim that the crimes charged against defendant are parts of a common scheme or plan corruptly devised by him to obtain for his own use and benefit moneys earned by various persons for their work for the Senate of the State of New York.

An indictment should never be brushed off or lightly set aside or dismissed without due and deliberate consideration. Equally true, no matter how heinous the offense, and regardless of how depraved an accused person may be, extreme caution must be exercised by the court that no narrow construction or interpretation of statutes deprive him in the slightest degree of the constitutional guarantees to which he is entitled.

Section 278 of the Code of Criminal Procedure provides: '' The indictment must charge but one crime and in one form except as in the next section provided ''.

Section 279 of the Code of Criminal Procedure reads in part as follows: '' When there are several charges for the same act or transaction, constituting different crimes or the same crime alleged to have been committed in a different manner or by different means, or for two or more acts or transactions * * * constituting crimes of the same or a similar character, instead of having several indictments or informations, the whole may be joined in one indictment or information in separate counts * * *.''

Defendant insists the indictment returned against him is void for duplicity. That it is impossible to reconcile the allegations therein that he at one and the same time stole the identical same property and moneys from different owners. That no evidence whatever was presented to the Grand Jury that defendant ever or at any time made any false statements, representations or pretenses of any kind to the State of New York

that Gladys Wheeler or any of the other women or men sug-
gested by him to be employed as stenographers or clerks in
the Senate of the State of New York, or as clerks or stenog-
raphers to any legislative committee, would retain all her or
their salaries earned by her or them in the performance of their
respective duties and work.

Defendant in support of his motion to dismiss the indictment
asserts with emphasis and force that no evidence was presented
to the Grand Jury which in any manner or by fair inference
warrants or justifies the charge that defendant stole, took and
carried from the possession of Gladys Wheeler or any of the
other designated clerks, stenographers or employees of the
Senate of tᴵe State of New York any moneys whatever at any
time, and, likewise, defendant urges just as vigorously that no
evidence of any kind or character was presented to the Grand
Jury or is present in the minutes of the Grand Jury which
warrants or justifies the charge that defendant at any time
stole, took and carried from the possession of the State of
New York any property or moneys owned by the State of New
York.

I am unable to find any evidence in the minutes of the Grand
Jury that defendant made any false statements or representa-
tions to the State of New York with reference to salaries to be
paid the individuals recommended by him for appointment. The
testimony of William S. King, Clerk of the Senate, on the sub-
ject of appointment of clerks and stenographers by Senator
Page, is that all such designations made by him had to meet
with Mr. King's approval and also that of the temporary Presi-
dent of the Senate; that he never heard any talk about the finan-
cial arrangements made by Senator Page with any of the
employees of the Senate whom he recommended.

The records of the Grand Jury are barren of any testimony
or evidence showing any statements, oral or written, or any con-
versation by defendant with any official of the State of New
York that any clerks or stenographers named by him would
retain all his or her salaries. There is no legal basis, in my
opinion, which justifies any of the counts in the indictment which
charge defendant with larceny in obtaining moneys from the
State of New York by false pretenses and false representations
as alleged in several counts in the indictment.

The testimony of every employee, either clerk or stenog-
rapher, whose appointment was obtained by defendant, and who
are mentioned in the indictment, is that after he or she obtained
their money or check from the State of New York for the work,

labor and services rendered by them that each one of them handed or gave to defendant the money, or indorsed their respective checks, and then handed them to defendant.

All counts in the indictment which charge defendant with the crimes of grand larceny, in that he took, stole and carried from the possession of Gladys Wheeler, Margery Law, Irene Davidson, Olga Hotchkiss, Thomas D. Nolan and Darwin R. Wales, the sums of money stated in the respective counts alleged to have been earned by them and to be their property, or that he took, stole and carried away moneys the property of the State of New York are without factual evidence, in my judgment, to sustain or support same.

The clerks and stenographers parted with possession and title to the moneys earned by them, and no indictment charging larceny at common law will lie. (*People* v. *Noblett,* 244 N. Y. 355; *People* v. *Cohen,* 148 App. Div. 205.)

An essential element of the crime of common-law larceny is a felonious taking by trespass and the carrying away of the property of another without his or her consent. The rule is stated in *Smith* v. *People of the State of N. Y.* (53 N. Y. 111) as follows: " If by a trick or artifice the owner of property is induced to part with the custody or naked possession for a special purpose to one who receives the property *animo furandi,* the owner still meaning to retain the right of property, the taking is larceny; but if the owner part not only with the possession, but the right of property also, the offense of the party obtaining them will not be larceny, but that of obtaining goods under false pretenses."

It is of the utmost consequence to the public that the administration of justice be not delayed or defeated by mere technical objections, and unless the substantial rights of an accused are violated, technical errors or defects must be disregarded to invalidate or defeat an indictment. It is not sufficient legal reason, because several counts in an indictment are without support in law, that such indictment must be dismissed. If there is one good count in an indictment, though the other counts are defective, it is sufficient to sustain a general verdict. (*Thurston* v. *United States,* 241 F. 335; *Powers* v. *United States,* 223 U. S. 303; *People of the State of N. Y.* v. *Davis,* 56 N. Y. 95; *The People* v. *Willett,* 102 N. Y. 251.) It is well-settled law that an indictment may contain separate counts charging the commission of the crime in a different manner. (*People* v. *Adler,* 140 N. Y. 331.) The challenge of defendant to the validity of the indictment on the ground of duplicity is not sustained.

We need not determine nor is it necessary for a decision of this motion to pass upon the guilt or innocence of defendant. That question is not here for determination. An indictment is a formal accusation of a grand jury charging a person with the commission of crime and such charge in itself is no indication of guilt whatever.

The problem presented to the court for solution is whether or not there was presented to the Grand Jury testimony or evidence of such adequacy or probative value to raise an issue which must be determined by a trial jury. I am unable to agree with the contention of counsel for defendant that there is no evidence in the record of the proceedings before the Grand Jury of any false representations or statements made by defendant to the women and men suggested by him for appointment as clerks and stenographers in the Senate of the State of New York.

No beneficial purpose can be served in further outlining the evidence presented to the Grand Jury, except to say that defendant did substantially declare to Gladys Wheeler, Irene Davidson, Margery Law, Olga Hotchkiss, Thomas D. Nolan and Darwin R. Wales that it was the custom and general practice for employees to turn over their salaries to the Senator who procured their positions, less disbursements and expenses. Not all of such persons relied upon such statements made by defendant, but the majority of them did. There is some evidence that such was not the custom and usual practice, and when defendant was interrogated with respect thereto, he was unable to name any other Senator who followed such alleged practice.

A trial must be had to determine as a question of fact whether or not as a result of the statements and representations made by defendant he did or did not secure the salaries and wages of the employees mentioned, by false representations and pretenses.

I believe sufficient evidence is in the record to compel trial of the issue whether or not defendant did or did not make a corrupt bargain with any of the persons suggested by him for appointment as clerks and stenographers in violation of section 1832 of the Penal Law.

For the reasons set forth and stated herein the motion of defendant for dismissal of the indictment is denied.

Submit order.