BALDWIN v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 22, 1917.)

No. 2923.

1. CRIMINAL LAW ⚖➝753(2)—TRIAL—DIRECTING ACQUITTAL—SINGLE COUNT.
    The refusal of a charge requested by accused, directing the jury to find him not guilty under one count contained in the indictment, is not error, though the evidence did not sustain a conviction under that count, since the court need not require a finding on each count specifically, and the giving of that charge would tend to confuse and mislead the jury.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1727, 1729; Dec. Dig. ⚖➝753(2).]

⚖➝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. CRIMINAL LAW ⚖⟹1167(2)—APPEAL—HARMLESS ERROR—ERROR AFFECTING ONE COUNT.

Where the evidence abundantly supported more than one of the five counts charging the defendant with violating Drug Registration Act Dec. 17, 1914, c. 1, 38 Stat. 785, and the sentence imposed was such as could have been imposed under section 9 of that act for a single offense, the judgment will not be reversed for errors affecting only one count.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3101; Dec. Dig. ⚖⟹1167(2).]

In Error to the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

J. E. Baldwin was convicted of violating the Drug Registration Act of December 17, 1914, and he brings error. Affirmed.

A. S. Baskett, of Dallas, Tex., for plaintiff in error.

Jas. C. Wilson, U. S. Atty., and Wm. E. Allen, Asst. U. S. Atty., both of Dallas, Tex.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. This case was submitted to the jury on the first, second, seventh, eighth, and ninth counts of the indictment, each of which undertook to charge the commission by the defendant of an offense denounced by the Drug Registration Act of December 17, 1914. 38 Stat. L. 785. We must treat that statute as a valid revenue measure. United States v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061. We are not of opinion that either of the counts mentioned was subject to be quashed on the grounds stated in the motion made to that end by the defendant. The ninth count sufficiently charged that the defendant did, on or about the 5th day of August, A. D. 1915, unlawfully and knowingly sell, barter, exchange, and give away to one Thelma Jones—

"about 60 grains of morphine, the exact amount being to the grand jurors unknown, and the same being then and there a derivative of opium, and without theretofore having registered and paid the special tax, as is required by an act of Congress, approved December 17, A. D. 1914, of any and all persons so dealing in, selling, bartering, and giving away such narcotic drugs, as aforesaid."

[1] An exception was reserved to the refusal of the court to give the following written charge, requested by the defendant:

"Under the ninth count in the indictment you are charged that said count charges that the acts and things therein complained of were done by the defendant without having registered and paid the special tax required by the Harrison Anti-Narcotic Act of Congress, and the undisputed evidence shows that at said time the defendant had duly registered and paid said special tax. You will therefore find the defendant 'not guilty' under said ninth count in the indictment."

The form of this charge is such that it was calculated to convey to the jury the idea that it was incumbent on them to make and return a separate finding on the count mentioned. Where there are several counts before the jury, it is not incumbent on the court to require a

finding on one of the counts specifically. A proper verdict of guilty on any count on which the case goes to the jury would sustain a judg-, ment of conviction, though no mention of any other count is made in the verdict. Assuming that the evidence was such as to entitle the defendant to an instruction, if requested, against finding him guilty on the count mentioned, yet as the instruction asked was so expressed as to have a tendency to mislead and confuse, and to call for explanation, the refusal to give it was not reversible error. Mobile & Ohio R. Co. v. George, 94 Ala. 199, 10 South. 145; Louisville & Nashville R. Co. v. Sandlin, 125 Ala. 585, 28 South. 40.

[2] There was a verdict of "guilty as charged in the first, second, eighth, and ninth counts of the indictment." Neither of the grounds stated in the defendant's motion in arrest of judgment was a tenable one. On the verdict rendered there was a judgment of conviction, sentencing the defendant to imprisonment in the penitentiary for the term and period of two years. A proper conviction on any one of the five counts was enough to support this judgment, as the punishment adjudged was such as could be imposed on a conviction of a single offense. Section 9 of the act; Claassen v. United States, 142 U. S. 140, 12 Sup. Ct. 169, 35 L. Ed. 966. The evidence adduced abundantly supported more than one of the five counts which were submitted to the jury. Our conclusion is that the record does not show the commission of any reversible error.

The judgment is affirmed.