## FYKE v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 10, 1918.)

No. 3217.

1. INTERNAL REVENUE ⬅️2—HARRISON NARCOTIC ACT.
   Harrison Narcotic Act, § 2 (Comp. St. 1916, § 6287h) is not invalid on the ground that its provisions are in no sense provisions of a revenue measure, but are purely police restrictions.

2. POISONS ⬅️2—DRUG ACT—SALES.
   Harrison Narcotic Act, § 2 (Comp. St. 1916, § 6287h) declaring that it shall be unlawful for any person to sell named narcotic drugs, except on a written order of the person to whom the drug is sold, applies not only to registered dealers, but to all sellers, for revenue is raised from the sale of prohibited drugs.

3. POISONS ⬅️9—DRUG ACT—VIOLATIONS—INDICTMENT.
   An indictment charging that defendant sold narcotic drugs in violation of the Harrison Narcotic Act held sufficient to charge a violation of the act, and show defendant to be subject to the penalty prescribed by section 9 (Comp. St. 1916, § 6287o), regardless of whether it was alleged defendant was required to register.

4. INDICTMENT AND INFORMATION ⬅️111(1)—STATUTORY EXCEPTIONS.
   Const. Amend. 6, does not preclude Congress from exacting, as it has in Harrison Narcotic Act, § 8 (Comp. St. 1916, § 6287n), that it shall not be necessary to negative in any indictment any of the statutory exemptions or exceptions therein.

5. INDICTMENT AND INFORMATION ⬅️111(4)—EXCEPTIONS—NEGATIVING.
   An indictment charging a violation of the Harrison Narcotic Act (Comp. St. 1916, §§ 6287g–6287q) held to sufficiently negative any of the exemptions and exceptions therein contained.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Northern District of Texas; William R. Smith, Judge.

E. D. Fyke was convicted of violation of Act Dec. 17, 1914, known as the Harrison Narcotic Act, and he brings error. Affirmed.

Chas. Mays, of Ft. Worth, Tex., and A. S. Baskett, of Dallas, Tex., for plaintiff in error.

Wilmot M. Odell, U. S. Atty., of Ft. Worth, Tex.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. The plaintiff in error was convicted of a violation of an act of Congress approved December 17, 1914, and commonly known as the Harrison Narcotic Act (Act Dec. 17, 1914, c. 1, 38 Stat. 785 [Comp. St. 1916, §§ 6287g–6287q]). All the 11 counts of the indictment are based upon an alleged violation of section 2 of that act (section 6287h), which, so far as pertinent to this case, is as follows:

"That it shall be unlawful for any person to sell, barter, exchange, or give away any of the aforesaid drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Commissioner of Internal Revenue."

The counts of the indictment charged the plaintiff in error with having made various distinct sales of morphine, at different times, of different amounts, and to different persons, but were otherwise identical. Each charged the sale to have been made, "not in pursuance of a written order such as is required by an act of Congress approved December 17, A. D. 1914, and then and there under such circumstances that neither the said Billie Brown (the purchaser) nor the sale as aforesaid came under any of the exceptions and exemptions provided for in the said act of Congress." The defendant was convicted under counts 1, 6, 9, and 11, and sentenced to two years in the federal penitentiary at Leavenworth, Kan.

The sole ground of error assigned is based upon the action of the District Court in overruling the motion to quash (demurrer) to the indictment.

[1] 1. The plaintiff in error supports his demurrer upon three distinct grounds. In the first place, he asserts the unconstitutionality of section 2 of the act upon the idea that its provisions are, in no sense, provisions of a revenue measure, but are purely police restrictions. The case of Baldwin v. United States, 238 Fed. 793, 151 C. C. A. 643, recently decided by this court, per curiam opinion, determines this question against the contention of plaintiff in error.

[2, 3] 2. The second ground upon which the indictment is assailed by the demurrer is that it charges an offense under section 2 of the act, which the plaintiff in error contends is only applicable to the class of registered dealers, and the indictment fails to allege that the defendant was registered. Reliance is placed upon the case of United States v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854, which held that section 8 of the act, which made it

unlawful for any person not registered under the act, and who had not paid the tax provided for by the act, to have in his possession any of the prohibited drugs, applied only to the classes who were required to register and pay the tax under section 1 of the act (section 6287g), and that it was not unlawful for one, not embraced in these classes, to have possession of the prohibited drugs. The ground of the decision was that the act, being a revenue and not a police measure, the competency of Congress to make the possession of persons, not required to register and pay the tax, unlawful, was doubtful, and, to preserve its constitutionality, the court would construe this prohibition of the act as not embracing those not required by it to register and pay the tax.

The distinction between that case and this prevents its use, even by way of analogy. No tax is imposed by the act upon the having possession of the prohibited drugs, but only their production, importation, manufacture, compounding, dealing in, dispensing, selling, or giving away. As no revenue could be derived from a mere possession, not in any one of the mentioned capacities, it was thought Congress was without power to regulate such mere possession. However, revenue is to be derived from the sale of the prohibited drugs. It was, therefore, clearly competent for Congress to punish the unlawful sale of the prohibited drugs by all classes of persons, those actually registered and those not. All sellers were members of the class required to register and pay the tax, under section 1, and the revenue derived from sellers, as provided for by that section, could manifestly not be collected unless Congress had the power to, and did in fact, punish the sale of the prohibited drugs by all persons except when made in conformity to the act. The necessity of prohibiting sales by unregistered persons and of sales by registered persons, not complying with the act, were of equal importance. If only the latter class were subject to its penalties, all persons, by failing to register, could sell with impunity, without paying the tax or complying with the other requirements of the act.

Section 1 punishes sales by persons who have neither registered nor paid the tax. Section 2 punishes persons who sell, not in pursuance of a written order of the person to whom the sale is made. The language of section 2 is general, and does not restrict the prohibition to registered sellers in terms. Indeed, the exception, lettered "d," applies to a class expressly excepted from registry and payment of the tax by section 1. This exception would seem to be superfluous, if section 2 applied only to registered persons, since the excepted class would not then be included in the class against whom the penalties of the section are directed. There are some provisions in section 2 that may be persuasive of the correctness of defendant's contention, viz. those applying alone to the conduct of the business by those who have registered. We think, however, its terms broad enough to include all persons, whether actually registered or not, who sell the prohibited drugs.

Taking the law in its entirety, no person, whether registered or unregistered, can lawfully sell the prohibited drugs, "except in pursuance

'of a written order of the person to whom such article is sold," and an indictment which charged even an unregistered person with selling, not in pursuance of such a written order, would charge him with all the elements of a sale prohibited by the act. It would, we think, be unnecessary, in this view, for the indictment to allege that the defendant was actually registered and had paid the tax, and, as the law itself-imposes the duty of registry and payment of the tax on all persons who sell, it would be unnecessary for the indictment to allege that the defendant, being charged with making a sale, was in the class required to register and pay the tax.

The plaintiff in error contends that section 1 and section 2 create distinct offenses, the former directed alone against unregistered persons, who have failed to pay the tax, and the latter directed alone against registered persons, who have paid the tax, but have failed to conduct the business in other respects in accordance with the act. The act in different sections defines what sales are unlawful. It does not, however, affix separate penalties to each class of prohibited sales. Section 9 (section 6287o) provides a penalty to be imposed upon any person who violates or fails to comply with any of the requirements of the act. Sales of the prohibited drugs may be unlawful (a) when made by an unregistered person, who has not paid the tax, or (b) when made by any person, except in pursuance of an order blank. The offense punished is the making a sale in violation of the act. If the sale is prohibited by the act, it is not important that the indictment should be framed under any particular section of the act, provided its averments sufficiently show a sale made unlawful by the act in its entirety. An indictment which charges a sale to have been made in a way that no person, registered or unregistered, could lawfully make it by the terms of the act, sufficiently shows that the defendant, in making it, violated the act in a way that subjects him to the penalties prescribed for its violation by section 9.

[4, 5] 3. The third proposition presented by the demurrer is that the indictment does not sufficiently aver that the defendant did not come within one or more of the statutory exceptions or exemptions.

Section 8 of the act (Comp. St. 1916, § 6287n) contains this language at the end of it:

"Provided further, that it shall not be necessary to negative any of the aforesaid exemptions in any complaint, information, indictment, or other writ or proceeding laid or brought under this Act; and the burden of proof of any such exemption shall be upon the defendant."

There are exceptions and exemptions in section 8, to which the language of the proviso might be referred. The Court of Appeals for the Seventh Circuit has, however, construed it to apply to all exceptions and exemptions, theretofore mentioned in the act, including those in section 2. We cannot agree with the contention that Amend. art. 6 of the federal Constitution would prevent Congress from so enacting. An indictment, though it failed to exclude defendant from the excepted classes, would sufficiently inform him of the nature of the accusation against him. If, in the light of the proviso of section 8 and the construction given it, there was any necessity resting upon the

government to negative the fact that defendant was a member of one of the excluded classes, we think the indictment sufficiently does so. Each count alleges that—

"Neither the said Billie Brown [the buyer of the drug] nor the sale as aforesaid came under any of the exceptions and exemptions provided for in the act of Congress aforesaid."

The criticism is that, while it covers an exemption in favor of the buyer and the sale, it does not exclude the possibility of the exemption of the seller. If the sale was not excepted from the prohibition of the act, as alleged in the indictment, then the seller was necessarily punishable for making it, since the act imposes upon the seller penalties for making any sale made unlawful by its terms. We think the averments of the indictment sufficient in their exclusion of the statutory exceptions and exemptions, which we construe to be synonymous terms, even if a necessity for said averment were held to exist.

There being no error in the record, the judgment is affirmed. Affirmed.