OAKSHETTE v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. October 15, 1919.)

No. 3187.

POISONS ⬤═9—EVIDENCE IN PROSECUTION FOR VIOLATION OF HARRISON NARCOTIC ACT SUSTAINING CONVICTION.

In a prosecution for violation of Harrison Narcotic Act Dec. 17, 1914, § 2 (Comp. St. § 6287h), by selling narcotic drugs, not in pursuance of written orders on the prescribed forms, evidence that defendant, although a physician registered under the act, did not dispense the drugs in good faith in the course of his professional practice, which would bring him within exception (a) of the statute, but sold the same to gratify the appetite of the purchasers, was competent and relevant, and such issue was properly submitted to the jury.

In Error to the District Court of the United States for the Northern District of Georgia; William T. Newman, Judge.

Criminal prosecution by the United States against J. C. Oakshette. Judgment of conviction, and defendant brings error. Affirmed.

James L. Anderson, of Atlanta, Ga., for plaintiff in error.

Hooper Alexander, U. S. Atty., of Atlanta, Ga.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

GRUBB, District Judge. The plaintiff in error was tried and convicted in the District Court of the Northern District of Georgia, for violations of the Harrison Narcotic Law (Act Dec. 17, 1914, c. 1, 38 Stat. 785 [Comp. St. §§ 6287g–6287q]), under two consolidated indictments. He first assigns, as error, in this court, that the District Court overruled a demurrer to the indictments upon which he was tried. The demurrer assailed the constitutionality of the Harrison Act, but the Doremus Case, 249 U. S. 86, 39 Sup. Ct. 214, 63 L. Ed. 493, has determined that question adversely to him. The demurrer also questioned the sufficiency of the indictments because they failed to negative the exceptions which are set out in section 2 of the act (Comp. St. § 6287h). This court has held that the government was excused

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

under section 8 of the act (section 6287n), from negativing the exceptions set out in section 2 of the act. Melanson v. United States, 256 Fed. 783, —— C. C. A. ——.

The plaintiff in error also complained of the District Judge's charge, in that it was not responsive to the only issue presented by the indictments. The indictments charged the sales to have been made by the plaintiff in error, not in pursuance of written orders, given by the purchasers, on forms prescribed by the Commissioner of Internal Revenue. The proof showed that plaintiff in error was a physician and had registered with the collector of internal revenue. He was authorized to administer the prohibited drugs, without obtaining a written order, if they were administered "in the course of his professional practice," but not otherwise. The government contended that the drugs administered by him were not administered in good faith, in the course of his professional practice, but to gratify the desire or appetite of the patients or purchasers. The plaintiff in error contended that they constituted legitimately medical treatment for his patients. The District Judge submitted the issue so made to the jury.

The contention of the plaintiff in error is that it was not within the issues presented by the indictments, since they merely charged sales illegal because not in pursuance of written orders. The only prohibitions of the statute are (1) sales by unregistered persons and (2) sales by registered persons not in pursuance of written orders. The plaintiff in error could only be charged with having made the one kind or the other. As he had registered, he was not guilty of the first. If, having registered, he made sales or dispensed the drug without obtaining a written order, he was guilty of the second kind, unless because he came within one of the excepted classes. If he administered the drug only in the course of his professional practice, he came within one of the excepted classes, and was not guilty. If, however, he administered the drug, not in the course of his professional practice, then he did not bring himself within any of the excepted classes, and so came within the operation of the prohibition of section 2, against selling or dispensing, not in pursuance of a written order, and was properly charged with that offense. As a registered person he could have been charged with no other offense, since the act creates no other out of the act of selling or dispensing by registered persons. It does not make it a separate offense, for a physician to administer the drug when it is not done in the course of his professional practice. His doing so merely removes him from the classes exempted from the operation of section 2 and leaves him subject to the punishment prescribed by section 2.

Dispensing the drug, though by a physician, if not in the course of his professional practice, is in legal effect a sale, and, being one, can only be legally made in pursuance of an order form and the offense of doing it without one, is necessarily that of selling or dispensing, not in pursuance of a written order, in violation of section 2 of the act. The indictments properly so charged the offenses, and proof tending to show that the drugs were not dispensed in the course of defendant's professional practice tended to sustain the charges, and the court properly held that the issue so made was presented by the indictment and

properly submitted it to the jury. In the case of Melanson v. United States, 256 Fed. 783, 785, —— C. C. A. ——, this court said of the indictment:

"The second count charged a joint sale by the physician and druggist without the use of the order form, required by the law to be used and filed in making sales, other than to patients in the regular practice of a physician on prescription, or by personal administration."

A conviction under the second count of the indictment in that case was sustained upon proof like that in this case, tending to show that the defendant physician administered the prohibited drugs, under the guise of treatment, but in fact to gratify the appetite of his supposed patients.

Plaintiff in error also complains that the evidence was insufficient to convict him. That there is evidence in the record from which the jury might well have inferred that the plaintiff in error administered the drug, not in good faith to cure his patients or alleviate their present suffering, but to satisfy their craving, as addicts, for the drug, is clear from the constant quantities over periods of as much as three months, during which the record shows it was furnished to a number of persons by defendant. The sufficiency of his explanations as to why he failed to reduce the amounts, especially as to those he testified he was attempting to cure of the drug habit by the method of reduction, was for the jury to determine.

There being no error in the record, the judgment of conviction is affirmed.