## NELSON v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 2, 1924. Rehearing Denied April 11, 1924.)

No. 4256.

**1. Poisons ⬡⟾9—Indictment held sufficient.**

An indictment for violating Harrison Act, § 2 (Comp. St. § 6287h), by unlawfully selling paregoric containing two grains of opium in each fluid ounce, not in pursuance of written orders, *held* prima facie sufficient, though it did not negative that paregoric was sold for medicinal purposes, under section 6 (Comp. St. § 6287*l*), in view of section 8 (Comp. St. § 6287n).

**2. Criminal law ⬡⟾1167(5)—Where two counts are good, and sentence might have been imposed under either, unnecessary to consider other counts.**

Where first two counts are good, and sentence is less than could have been imposed under either, it is unnecessary to consider a demurrer to remaining counts, or rulings on objections to evidence relating to them.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

William M. Nelson, alias W. M. Nelson, was convicted of violating the Harrison Anti-Narcotic Law, and he brings error. Affirmed.

W. H. Sadler, Jr., of Birmingham, Ala., for plaintiff in error.

Jim C. Smith, Asst. U. S. Atty., of Birmingham, Ala.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

BRYAN, Circuit Judge. This is a prosecution under section 2 of the Harrison Anti-Narcotic Law, 36 Stat. 785 (Comp. Stat. § 6287h). The defendant, William M. Nelson, was convicted upon four counts of the indictment. Two of these counts charge that the Nelson Drug Company, a corporation doing business as a druggist, had registered and paid the special tax required by the act; that the defendant was president of the corporation, and sold to a named purchaser a quantity of paregoric, which contained two grains of opium in each fluid ounce; and that the sale was not made in pursuance of a written order of the purchaser. These two counts are the same, except that each alleges a different purchaser. The court overruled a demurrer, based on the ground that the indictment fails to negative the innocent sale of paregoric as medicine.

The other two counts are similar, except they do not charge that the sales were made without written orders, and contain the allegation that the paregoric was sold not as medicine, but for the purpose of evading the intentions and provisions of the act. A demurrer was also interposed to these last-named counts upon the ground that the sales bore no relation to the collection of internal revenue taxes.

There was evidence for the government that a number of sales to the purchasers named in the indictment were made, and that no order forms therefor were issued, and the defendant offered no evidence of any sale for medicinal purposes. The jury returned a verdict of guilty on each

⬡⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the four counts, and a general sentence was imposed, which was less than could have been imposed under any of the counts.

[1] Section 2 of the act under consideration prohibits the sale of narcotics, except in pursuance of a written order of the purchaser, on a form to be issued by the Commissioner of Internal Revenue. Section 6 (Comp. St. § 6287*l*) exempts sales of the preparation described in the indictment when sold as medicine, and not for the purpose of evading the provisions of the act. Section 8 (Comp. St. § 6287n) contains the following proviso:

"That it shall not be necessary to negative any of the aforesaid exemptions in any complaint, information, indictment, or other writ or proceeding laid or brought under this Act; and the burden of proof of any such exemption shall be upon the defendant."

This proviso refers, not only to the exemptions enumerated in section 8, but also to those mentioned anywhere in the act. Fyke v. United States, 254 Fed. 225, 165 C. C. A. 513. It applies, therefore, to the exemption of sales authorized by section 6 to be made without written orders. While the first two counts fail to aver that the paregoric was not sold for medicinal purposes, they do charge that sales were made unlawfully and not in pursuance of written orders.

We are of opinion that the proviso in section 8 makes this sufficient. It is not enough to make a sale lawful that the defendant is a druggist and has paid the tax required. The indictment states a prima facie case, and it is for the defendant, who claims the benefit of the exemption allowed by section 6, to produce evidence that he comes within its protection. This he may do, either by showing that he had the written order required, or that the preparation which he sold was intended by him to be used as medicine. The case of a druggist, who is authorized under section 6 to make bona fide sales for medicinal purposes without a written order, is not different from that of a physician, who is exempt by section 2 from the provisions of the act if he dispenses drugs in good faith in the course of his professional practice. We are therefore of opinion that it was not error to overrule the demurrer to the two counts first above mentioned. Oakshette v. United States, 260 Fed. 830, 171 C. C. A. 556. There being no evidence on behalf of the defendant tending to show that the paregoric was sold as medicine, it follows that he did not meet the burden cast upon him by the proviso in section 8 of the act, and raise a reasonable doubt of his guilt, and that the jury were warranted in its verdict as to these counts.

[2] Inasmuch as the sentence is less than could have been imposed under either of these two counts, it becomes unnecessary to consider the demurrer to the remaining counts or the trial court's rulings upon objections to evidence which related to them. Abrams v. United States, 250 U. S. 616, 40 Sup. Ct. 17, 63 L. Ed. 1173.

The judgment is affirmed.