## BROWN v. UNITED STATES. *

(Circuit Court of Appeals, Fifth Circuit. November 6, 1924.)

No. 4398.

1. Criminal law ⏾1167(2)—Where sentences concurrent, and less than lawfully could be imposed, conviction affirmed, if one count sustained.

Where sentences ran concurrently, and were less than could lawfully be imposed, if one count sustained, conviction must stand.

2. Indictment and information ⏾111(1)—Indictment for unlawfully selling narcotics held sufficient.

Indictment for violating Harrison Narcotic Law, Dec. 17, 1914, §§ 1, 2, as amended June 2, 1924, for unlawfully selling two grains of morphine not in pursuance or order on form issued by Commissioner of Internal Revenue, was sufficient, though it did not expressly negative exceptions of statute.

3. Poisons ⏾9—Evidence witness sent boy to accused's office, and received morphine tablets from boy, held admissible.

In prosecution for selling narcotics in violation of Harrison Narcotic Law, as amended June 2, 1924, evidence that witness sent boy with envelope containing money to accused's office, and received morphine tablets from same boy in another envelope of certain size, was

admissible; that witness did not accompany boy to accused's office bearing only on weight of evidence.

In Error to the District Court of the United States for the Northern District of Alabama; William Q. Grubb, Judge.

Robert T. Brown was convicted of violating the Harrison Narcotic Law, and he brings error. Affirmed.

Erle Pettus, of Birmingham, Ala., for plaintiff in error.

Jim C. Smith, Asst. U. S. Atty., of Birmingham, Ala.

Before WALKER and BRYAN, Circuit Judges, and ESTES, District Judge.

ESTES, District Judge. The plaintiff in error was convicted on two counts—the first and the fifth—of an indictment charging him with violations of sections 1 and 2, respectively, of the act of Congress approved December 17, 1914, as amended, and known as the Harrison Narcotic Law (43 Stat. c. 234, §§ 705–707).

In the briefs a number of specifications of error are discussed that relate to the admissibility of the testimony of a narcotic inspector, and to some documents and exhibits that were identified by him and permitted by the court to be shown to the jury. As we view it, the evidence in question had to do with the offense charged in the second count of the indictment, and, since a verdict of acquittal was rendered on that count, we do not consider it necessary to determine the merit of those particular specifications.

[1] The sentences were made to run concurrently, and were less than could have been imposed under the law. In that condition of affairs, if the conviction on count 5 is permitted to stand, the assignments relating to count 1 also become unimportant. Abrams v. United States, 250 U. S. 616, 40 S. Ct. 17, 63 L. Ed. 1173.

[2] The specifications of error that relate to count 5 challenge by demurrer the sufficiency of that count and the admissibility of the evidence of one Tanner, on which the conviction under it is based. The proposition in the demurrer is that the exceptions in the statute to the requirement that drugs cannot be dispensed, except in pursuance of the written order of the purchaser on a form issued in blank for that purpose by the Commissioner of Internal Revenue, should be expressly negatived in the indictment. The count in question charges that

*Rehearing denied January 30, 1925.

the plaintiff in error, who at the time was a registered physician, unlawfully sold to one Relius Jones, about the 15th of January, 1924, two grains of morphine, not in pursuance of a written order of the said Jones to the plaintiff in error on a form issued in blank for that purpose by the Commissioner of Internal Revenue.

The cases of Nelson v. United States, 298 F. 93, and Fyke v. United States, 254 F. 225, 165 C. C. A. 513, decided by this court, are to the effect that it is unnecessary to show, in an indictment like this, that the exceptions in question do not apply, and demonstrate, we think, that the indictment here is sufficient.

[3] The testimony of the witness Tanner was substantially that he sent a boy with an envelope containing money to the plaintiff in error's office, and received some tablets of morphine in return. He did not actually accompany the boy into the office, but saw him ascend the stairs where the office is located. He also was permitted to compare the appearance of an envelope that was shown to have been taken from the plaintiff in error's office at a subsequent date with the envelope that was returned to him, and to say that they were of like size. The objection to this testimony was that it was irrelevant and immaterial, and that the witness should not have been permitted to invade the province of the jury by expressing an opinion respecting the relative size of the envelopes in question.

We do not think the court was in error in overruling these objections. The government could properly show, as bearing upon the transaction, the facts to which the witness testified—that is, that he did send by a messenger, up the stairs leading to the plaintiff in error's office, some money in an envelope, and did receive from the same messenger, in another envelope of a certain size, morphine tablets. It is a fact that he did not accompany the messenger into the office, and that might bear upon the weight of the evidence. In our opinion, however, it was clearly admissible, and could properly be considered by the jury in reaching their conclusions. No point is made upon the sufficiency of the evidence to sustain the conviction, and that question, therefore, is not before us.

We have carefully considered the other pertinent assignments, and, without discussing them in detail, have concluded they should be overruled.

It is therefore ordered that the judgment be affirmed.