Marvin Leroy CURRY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15331.

United States Court of Appeals
Fifth Circuit.
April 27, 1955.

James S. Rainwater, Miami, Fla., for appellant.

James L. Guilmartin, U. S. Atty., E David Rosen, Asst. U. S. Atty., Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

PER CURIAM.

Charged in a four count indictment with possession, transportation, and concealment of untaxpaid distilled spirits in violation of Sections 2803(a), 3116 and 3321, 26 U.S.C., and found guilty by a jury on all counts, defendant was sentenced to two years on each of counts one, two, and three, and to thirty days on count four, the sentences to run concurrently.

Appealing from the judgment and sentence, he is here urging upon us that the court erred to his prejudice in denying: (1) a motion for mistrial made out of the presence of the jury at the conclusion of the district attorney's opening statement; and (2) defendant's motion for acquittal.

For the reasons hereafter briefly stated, these contentions are entirely without merit.

The first ground is based on the claim not that there was any comment upon them but merely that stamped on the bottom of the district attorney's file were the words, "Maximum penalties", and that the jury could have seen them and would infer therefrom that the defendant was a bad character with a long record, or that the jury should return a verdict for maximum penalties. Disregarding the fact that there was no proof that the jury did see them and that, as pointed out by the trial judge, it was difficult, if not impossible, for them to have seen underneath the file, it is quite plain that the words were without material significance in the case and that, if the jury had seen them, no prejudice could have resulted to the defendant therefrom.

The second ground is no better taken. Based upon the claim that one Alexander, who was in the car and had fled from the scene when defendant was arrested and the liquor was seized, took the stand as a witness for defendant and swore, that he and not the defendant was guilty, that defendant was ignorant that there was liquor in the car and innocent of the offenses charged, and was driving the car only because he, Alexander, had picked him up and asked him to drive, this is merely a repetition here of the jury argument made below that, in the light of this testimony, the circumstances surrounding the arrest, including the statement made by Curry to the arresting officer, should not have been deemed sufficient by the jury. It might have availed there, it cannot do so here.

No reversible error appearing, the judgment is affirmed.