**Robert LAMBERT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15429.**

United States Court of Appeals
Fifth Circuit.

Oct. 28, 1955.

Rehearing Denied Nov. 30, 1955.

Ernest E. Roberts, Fred Botts, Henry H. Arrington, Miami, Fla., for appellant.

James L. Guilmartin, U. S. Atty., J. Edward Worton, Asst. U. S. Atty., Anthony S. Battaglia, Asst. U. S. Atty., for the Southern District of Florida, Miami, Fla., for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellant, Robert Lambert, and Arthur Gillyard were charged in a four-count indictment with violation of the Federal liquor laws. The District Court directed acquittal on two of the counts. A verdict of guilty was returned on the other two counts, one of which charged possession and the other charged concealment of untaxed liquor. 26 U.S.C.A. §§ 2803(a), 3321.* Appellant was sentenced to two years in prison on each count to run concurrently. Although both Gillyard and appellant were convicted, only appellant has appealed.

The Government introduced evidence showing that officers observed Gillyard and appellant, around five-thirty on a July morning, carrying cartons, paper bags and burlap bags within which, it was later learned, were jugs of moonshine whiskey, from a duplex in Miami, Florida, to a car parked in front of the duplex. On the fourth trip from duplex to automobile the officers declared themselves and arrested Gillyard. Appellant fled but came in a couple of weeks later and voluntarily surrendered.

In the car were nineteen one-gallon jugs of moonshine whiskey. By the side of the car were three five-gallon jugs of like contents. The officers went into the duplex and found in it thirteen five-gallon jugs of moonshine and other jugs with small amounts, aggregating about a gallon, of whiskey. The duplex was vacant and, except for the liquor and empty jugs, a kerosene lamp bearing appellant's fingerprints was the only article found within it.

Gillyard took the stand, admitted ownership of the liquor, denied that appellant had carried any of it, said that appellant discussed buying liquor from him, but that no deal was made. Gillyard admitted the ownership and possession of the 100 gallons of moonshine. He asserted that appellant never was in the room of the duplex where the lamp was found.

Appellant testified that he was never in the room with the lamp, that he had nothing to do with the shine and carried none of it. He said he ran away because Gillyard had the shine and he, the appellant, had no business there.

During the direct examination of Tom Wood, Supervisor of the Florida State Beverage Department and a witness for the Government, the following transpired:

"Q. [By the United States Assistant District Attorney] After Gillyard was arrested were any statements made to you by him? A. [By the witness, Tom Wood] Mr. Thomson warned Arthur of his constitutional rights.

"Q. Were you in the presence of him when this was done? A. I was. Mr. Thomson asked him was he working for Lambert at the time—

"Q. Don't say anything that might involve Lambert. Give us the statement that Gillyard said in respect to himself. Nothing in reference to Lambert. A. Arthur said he was in partners on the deal,—on the moonshine deal.

"Q. What sort of partnership was it, did he say—profit sharing? A. Yes. When they sold the whiskey they divided the profits.

"Q. Between him and the other individual? A. Yes.

"Q. Did he mention any other individual? A. He did."

The appellant contends that the evidence is insufficient to sustain his conviction on either of the two counts. As to possession, the evidence was conflicting and presented a jury question which was resolved against the appellant. The sentences being concurrent, we need not consider the adequacy of the

* Now 26 U.S.C.A. §§ 5008(b) (1) (E), 7206(4).

proof on the concealment charge. Brown v. United States, 5 Cir., 2 F.2d 589, certiorari denied 268 U.S. 702, 45 S.Ct. 638, 69 L.Ed. 1166.

[3] In any event there was possession by Gillyard of untaxed liquor. The appellant admitted he knew it was shine. There was evidence that appellant made three trips with liquor from the duplex to the car. One who aids or abets the commission of an offense is a principal. 18 U.S.C.A. § 2. An aider and abettor may be indicted, tried and convicted as a principal. Russell v. United States, 5 Cir., 1955, 222 F.2d 197, and cases there cited. We cannot escape the conclusion that there was more than ample evidence from which the guilt of appellant as an aider and abettor might have been found.

With great intensity the appellant urges that, although he made no objection to nor request that the jury be directed to disregard the language of the prosecutor above quoted in the examination of the witness Tom Wood, error was committed so prejudicial that it should have our consideration and that a reversal should result. Fed.R.Crim.P. 52(b), 18 U.S.C.A. As in Beavers v. United States, 5 Cir., 1953, 204 F.2d 88, the "appellant finds himself in the exceedingly difficult position of trying to put the trial judge in error in respect of matters which, if error, could have been cured, if the judge had been given an opportunity to correct them." We hold here as this Court heretofore held that:

"While in the case of serious and manifest errors this failure [to make objections] would not preclude our consideration of them, we find no such errors here as would justify our disregarding the general rule that only errors brought to the attention of the trial court, so that the court may have an opportunity for correction if necessary, will be considered on appeal." Feutralle v. United States, 5 Cir., 1954, 209 F.2d 159, 163.

The principle so announced is so well established that this opinion need not be lengthened by reference to other decisions, of which there are many, of like holding.

We find no reversible error in the record and the judgment of conviction of the appellant is

Affirmed.