Elmer FOWLER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15886.

United States Court of Appeals Fifth Circuit.

June 15, 1956.

Henry N. Payton, Newnan, Ga., for appellant.

James W. Dorsey, U. S. Atty., John W. Stokes, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a conviction on two counts, (1) of unlawfully possessing and (2) of unlawfully depositing and concealing nontaxpaid distilled spirits. The specifications of error challenge the sufficiency and weight of the evidence to sustain the verdict, and a part of the trial court's instructions to the jury.

The prosecution's evidence tended to show that on Sunday, May 30, 1954, state revenue agents Garrett and Williams found eighteen gallons of whiskey hidden in a field about a half-mile from the appellant's house. The cache was about fifteen or twenty feet from a public road which runs by the field. The agents watched the whiskey on Sunday and Monday, when it was not disturbed. They returned to the cache on Wednesday, and found only thirteen gallons. Thereafter they watched it every night.

On Friday night, the remaining thirteen gallons were still there. Garrett and Williams hid themselves in a straw field across the road, about fifteen feet from the road. At about 9:00 o'clock, they heard a vehicle start up in the vicinity of the appellant's house. In a few minutes a truck drove up and stopped in the road, almost between the agents and the whiskey. The driver turned off both the lights and the engine, and a man got out of the truck on the right side, which was toward the agents, and walked around the back of the truck and into the field where the whiskey was hidden. It was dark, and the man, who had a flashlight, appeared to search in the field for awhile. Then he called back to the truck, "I can't find it," and the driver answered, "Come back this way a little bit." The second voice was identified as that of the appellant.

The man in the field moved a little toward the truck, and the agents heard some cans rattling. The man then came around behind the truck, and put something in the cab. As he stepped in himself, the driver started the truck, and the agents rushed in, shouting to them to stop. The driver threw the truck in reverse, the agents being positioned slightly in front of the truck and the cache, and Garrett shot the left front tire down. The truck went back a little farther, and then swerved into a ditch on its side. The agents went up to the truck and found the appellant in the driver's seat, with the co-defendant Applewhite on top of him. There were three one-gallon cans of whiskey in the cab. The agents then returned to the cache, where only ten gallons remained. None

of the cans had any federal tax stamps on them.

The appellant testified that at the time of the incident he was driving Applewhite to the house of one Fuller, where Applewhite could borrow a chain hoist to work on his car. While they were going to Fuller's house, Applewhite asked the appellant to stop. Without knowing the reason, he did so, and in about three minutes there was some shooting into the truck, which excited the appellant and caused him to back up. At this point Applewhite returned to the truck and opened the door without succeeding in getting in. When the truck swerved into the ditch, Applewhite fell into the cab. The appellant did not know that whiskey was hidden in the field where he stopped; he did not turn off his engine or lights; and no conversation took place between Applewhite and himself while Applewhite was in the field.

 The questions of credibility raised by these contradictions in the evidence were for the jury's consideration, and since the officers' testimony is not inherently incredible, it must be accepted here also as true. United States v. Mann, 7 Cir., 108 F.2d 354; United States v. Sebo, 7 Cir., 101 F.2d 889. From this testimony, the jury could have inferred that the appellant knew that the whiskey was hidden in the field and had come with Applewhite to get three gallons of it. It likewise could have inferred that Applewhite put the three gallons of whiskey in the appellant's truck with his knowledge and consent. Without considering the question whether the appellant also exercised any dominion over the whiskey left in the field, his consensual receiving of the three gallons of whiskey in his own truck, which he was driving, clearly constituted an exercise of dominion sufficient to warrant a finding of possession. McClain v. United States, 5 Cir., 224 F.2d 522; Curry v. United States, 5 Cir., 221 F.2d 473.

The appellant asserts that as to the second count of the indictment alleging unlawful depositing and concealment of nontaxpaid distilled spirits, the evidence is insufficient to warrant the jury's verdict of guilty. We need not consider this question, however, because even if the conviction on this count is set aside, the sentence must stand; this results from the fact that the trial court imposed a general two-year sentence for both crimes, and a conviction under either count would support a two-year sentence.[1] Levi v. United States, 5 Cir., 71 F.2d 353; Belcher v. United States, 8 Cir., 50 F.2d 573. For the same reason, the specification of error relating to the trial court's charge on the issue of depositing and concealment relating to the same count, may be allowed to pass without comment, although it is clear that in any event, by failing to except to it, the appellant waived any objections thereto. Lambert v. United States, 5 Cir., 226 F.2d 602.

The judgment is

Affirmed.