Junior Franklin MADDOX and Willie Joe Maddox, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 20561.

United States Court of Appeals
Fifth Circuit.

April 28, 1964.

* Of the Third Circuit, sitting by designation.

W. O. Cooper, Jr., Macon, Ga., for appellants.

Wilbur D. Owens, Jr., Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before TUTTLE, Chief Judge, and POPE * and BROWN, Circuit Judges.

PER CURIAM.

Appellant Junior Franklin Maddox was convicted by a jury of three counts of possession and three counts of sale of non-taxpaid whiskey; his brother Willie Joe Maddox was similarly convicted on one count of possession. 26 U.S.C.A. §§ 5205(a) (2), 5604(a). Junior Franklin Maddox was sentenced to one year and one day with the last six months suspended and three years' probation. Willie Joe Maddox received two years' probation. Both complain in this Court of (1) insufficient evidence to raise a jury issue much less to support the convictions and (2) the supplemental charge on aiding and abetting, 18 U.S.C.A. § 2.

There was ample evidence in the record to raise a jury issue and to support the jury's verdict finding Junior Franklin Maddox guilty of Count 2 of the indictment—sale of non-taxpaid whiskey on or about July 18, 1962. Since the sentence imposed was less than the maximum which could have been imposed upon conviction on this one count, we need not examine the evidence in support of the convictions on the other counts. E. g., Fowler v. United States, 5 Cir., 1956, 234 F.2d 695; Pollock v. United States, 5 Cir., 1953, 202 F.2d 281; Whitley v. United States, 5 Cir., 1938, 100 F.2d 504. There was also sufficient evidence both to raise a jury issue and sustain the jury's verdict finding Willie Joe Maddox guilty of Count 3 of the indictment—possession of non-taxpaid whiskey on or about July 19, 1962.

Appellants failed to object to the supplemental charge as finally given to the jury, and they may not here complain of any error that may have been present. Fowler v. United States, 5 Cir., 1956, 234 F.2d 697; Lambert v. United States, 5 Cir., 1955, 226 F.2d 602. However, we have examined the charge and find it to be a full and fair statement of the law. See, e. g., Lambert v. United States, supra, 226 F.2d 602, at 604.

Affirmed.

* Of the Ninth Circuit, sitting by designation.