## UNITED STATES *v.* WONG SING.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF UTAH.

No. 44.　Argued October 11, 1922.—Decided October 23, 1922.

1. Under the Revenue Act of February 24, 1919, c. 18, § 1006, 40 Stat. 1130, in order that a person may be liable criminally as a purchaser of narcotic drugs it is not necessary that he be of the class who must register and pay special taxes. P. 20.
2. The act, as so construed, is constitutional, within the revenue power. P. 21.

Reversed.

ERROR to a judgment of the District Court quashing an indictment upon demurrer.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for the United States.

No appearance for defendant in error.

MR. JUSTICE McKENNA delivered the opinion of the Court.

Error to review the action of the District Court in dismissing an indictment against defendant in error. The indictment was in two counts. The first count charged that Wong Sing feloniously had in his possession and under his control, at a specified date, certain derivatives and preparations of morphine and cocaine for the purpose of sale and distribution, he not being registered under the provisions of the Act of Congress approved

December 17, 1914, c. 1, 38 Stat. 785, and its amendments, and not having paid the special tax required by the act.[1]

The second count charged that Wong Sing, at a specified date and time on such date, and at a specified place in Salt Lake City, within the jurisdiction of the court, knowingly, wilfully, unlawfully and feloniously purchased from a person or persons unknown to the grand jurors, morphine and cocaine, the exact quantity being unknown to the grand jurors; the said drugs not being in the original stamped packages, or from the original stamped packages; he not having then and there obtained the drugs from a registered dealer in pursuance of a prescription, written for legitimate medical uses by a practitioner registered under the Act of December 17, 1914, and its amendments; and the purchase not being by a patient from a registered practitioner in the course of his professional practice, and he, Wong Sing, not being then and there registered under the provisions of the act of Congress, and not having then and there, or theretofore, or at all, paid the special tax provided by the act; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America.

Wong Sing, upon being arraigned, pleaded not guilty, but subsequently withdrew the plea and demurred to the indictment "for failure to state an offense, and being insufficient." The demurrer was sustained and he was discharged from all liability thereon.

The court made a certificate, to be part of the record and proceedings, that the first count of the indictment was based upon § 8 of the Act of Congress of December 17, 1914, commonly called the Harrison Anti-Narcotic

---

[1] Counsel for the United States say that only the second count is material on this writ of error. The first count, however, is a part of the representation of the case.

Act, and that he sustained the demurrer to that count upon the authority of *United States* v. *Jin Fuey Moy,* 241 U. S. 394. And the court further certified that the second count of the indictment was based upon the amended Harrison Anti-Narcotic Act, contained in § 1006 of the Revenue Act of February 24, 1919, c. 18, 40 Stat. 1130, and that the count was predicated upon the following provisions: "It shall be unlawful for any person to purchase, sell, dispense, or distribute any of the aforesaid drugs except in the original stamped package or from the original stamped package . . . "; and that he construed "the word 'person' in the foregoing language to mean the persons enumerated in the first paragraph of section 1006, namely, 'every person who imports, manufactures, produces, compounds, sells, deals in, dispenses, or gives away opium or coca leaves, or any compound, manufacture, salt, derivative, or preparation thereof, shall register with the collector of internal revenue of the district his name or style, place of business and place or places where such business is to be carried on, and pay the special taxes hereinafter provided.'"

The demurrer was sustained, it was further certified, because the second count contained no appropriate allegation giving effect to the word "person" and hence fell within the ruling in the *Jin Fuey Moy Case;* otherwise, it was said, the amendment would be unconstitutional. And further, that the demurrer was treated as presenting that question of construction and was sustained only for that reason.

The construction by the court of § 1006 constitutes the question in the case. It is attacked by the United States as not justified, and *United States* v. *Doremus,* 249 U. S. 86, and *Webb* v. *United States,* 249 U. S. 96, are cited

We are unable to concur with the District Court. The provisions quoted by the court have a certain relation, but they have also a certain independence. The first

makes it "unlawful for any person to purchase" the drugs; the second enumerates other persons who have a larger connection with the drugs and requires them to register the fact and pay the tax prescribed. There could be no object in requiring a purchaser of the drugs to register but it fulfilled the purpose of the law to forbid a purchase "except in the original stamped package or from the original stamped package." The requirement fortifies the other injunctions of the statute.

In *United States* v. *Doremus,* and *Webb* v. *United States,* it was decided that the power of Congress exerted through the Act of 1914, though the act might be denominated a revenue measure, could, as a complement to it, make criminally unlawful the sale, barter or exchange of narcotic drugs except under certain prescribed conditions designed to make it effective as a revenue measure. The principle of the decision applies to the Act of 1919, upon which count two is based. If the law can put conditions upon sellers, it can put conditions with a like purpose upon purchasers, which is done here. Therefore, the apprehension of the District Court, if it should be so held, that the act would be unconstitutional under the decision in *United States* v. *Jin Fuey Moy,* 241 U. S. 394, was not justified. There is another distinction between the *Jin Fuey Moy Case* and this. In that case, which was under the Act of 1914, it was intimated that the persons affected by the act received definition from the requirement of registration. This case is under the Act of 1919, and it, as we have said, does not require registration.

It follows that the judgment of the District Court must be and it is,

*Reversed and cause remanded for further proceedings in accordance with this opinion.*