## SAM WONG v. UNITED STATES.

(Circuit Court of Appeals. Ninth Circuit. January 5, 1925.)

No. 4296.

**1. Poisons ⊙⇒9—Indictment for purchasing, selling, and distributing opium held sufficient.**

Indictment charging unlawful purchase, sale, and distribution of opium, not in or from original stamped packages, *held* sufficient, since, under Act Dec. 17, 1914, § 8 (Comp. St. § 6287n), it is not necessary to allege or prove that accused is required to register.

**2. Poisons ⊙⇒9—Indictment held to charge violation of Narcotic Import and Export Act.**

Indictment for feloniously and fraudulently receiving, concealing, buying, selling, and facilitating transportation after importation of derivative of opium, which accused knew had been unlawfully imported, *held* sufficiently to charge violation of Narcotic Import and Export Act, § 2, subd. (c), as amended by Act May 26, 1922, § 1 (Comp. St. Ann. Supp. 1923, § 8801).

**3. Poisons ⊙⇒9—Evidence held to warrant conviction under Narcotic Act.**

Evidence *held* sufficient to sustain conviction for unlawfully purchasing, possessing, and distributing opium.

**4. Criminal law ⊙⇒1056(1)—In absence of ruling or exception, objections to instructions not considered on appeal.**

Where no exceptions were taken to instructions, and no requests for instructions were denied, objections thereto could not be considered on appeal.

In Error to the District Court of the United States for the Northern Division of the Northern District of California; John S. Partridge, Judge.

Sam Wong was convicted of unlawfully purchasing, selling, and distributing narcotics, and of violating the Narcotic Import and Export Act, and he brings error. Affirmed.

S. Luke Howe, of Sacramento, Cal., and Marshall B. Woodworth, of San Francisco, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Defendant was convicted under three counts of an indictment charging in count 1 that he purchased, sold, dispensed, and distributed certain narcotics; in count 2 that he, being a person required to register under the terms of the acts of Congress, did have in his possession with intent to sell certain narcotics; and in the third count that he feloniously and fraudulently did receive, conceal, buy, sell, and facilitate the transportation, concealment, and distribution after importation of certain described derivative of opium, which defendant knew had been imported contrary to law. He was sentenced to ten years in the penitentiary.

[1] The assignments of error present the question whether the indictment states a public offense. We can dismiss consideration of count 2, as counsel for the government concede that under our decision in Johnson v. United States, 294 F. 753, that count is fatally defective. The first count, however, is clearly sufficient, for it distinct-

ly charges unlawful purchase, disposition, and distribution of opium not in or from the original stamped packages. It is not necessary to allege or prove that one charged with that offense is required to register. United States v. Wong Sing, 260 U. S. 18, 43 S. Ct. 7, 67 L. Ed. 105; Loewenthal v. United States (C. C. A.) 274 F. 563; section 8, Act Dec. 17, 1914, 38 Stat. 785 (Comp. St. § 6287n).

[2] The third count is also sufficient in charging a violation of the provisions of section 2, subdivision (c), of the Narcotic Import and Export Act, as amended by Act May 26, 1922, § 1, which provides that, if any person knowingly imports any narcotic drug into the United States contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of, any narcotic drug after being imported or brought in, shall, upon conviction, be punished. Camou v. United States (C. C. A.) 276 F. 120, certiorari denied 258 U. S. 626, 42 S. Ct. 382, 66 L. Ed. 798; Iponmatsu Ukichi v. United States (C. C. A.) 281 F. 525, certiorari denied 260 U. S. 729, 43 S. Ct. 92, 61 L. Ed. 485, 42 Stat. 596 (Comp. St. Ann. Supp. 1923, § 8801).

[3] Reversal of the judgment, for lack of evidence to sustain the verdict, is urged; but the record discloses that officers of the law found the defendant and another Chinaman in a house on a ranch, and upon search discovered a quantity of morphine in the bedroom underneath some fruit boxes upon which was the bunk in which the Chinaman slept. They also found a lamp and a can and a jar of yen shee. After arrest the defendant admitted that he got the morphine from a Chinaman in San Francisco, that he was furnishing it to addicts who worked for him, as that was the only way he could keep the men, and that he paid them by letting them have narcotics. Under section 2, subdivision (f), of the act heretofore referred to, whenever, on trial for violation of subdivision (c), defendant is shown to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains the possession to the satisfaction of the jury. Defendant testified, but his explanation was not satisfactory to the jury.

[4] As no exceptions were taken to the instructions of the court, and no requests for instructions were denied, objections urged to them require no consideration. Dupree v. United States, 2 F.(2d) 44.

We find no prejudicial error, and affirm the judgment.