COLEMAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. January 5, 1925.)

No. 4299.

1. **Indictment and information ⟜111(1)—Indictment sufficient, though not alleging defendant was person required to be registered.**

Count in indictment based on Harrison Anti-Narcotic Act Dec. 17, 1914, § 2 (Comp. St. § 6287h), for unlawfully selling, bartering, exchanging, or giving away contraband drugs, which did not allege that defendant was one of the persons required to register under section 1 (Comp. St. § 6287g), *held* sufficient; the latter section not limiting the former, and section 8 (Comp. St. § 6287n) specifically providing that indictment need not negative exceptions specified in the act.

2. **Criminal law ⟜1056(1)—Errors predicated on refusal of requested instructions not reviewable, in absence of exceptions.**

In prosecution for violation of Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), errors in refusing to give instructions as to entrapment are not reviewable, where no exceptions were preserved to the charge on that point, or to the refusal of defendant's request.

In Error to the District Court of the United States for the Northern Division of the Northern District of California; John S. Partridge, Judge.

Stuart Coleman was convicted of violation of the Harrison Anti-Narcotic Act, and he brings error. Affirmed.

P. H. Johnson, of San Francisco, Cal., and H. W. Coale, of Stockton, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Coleman, defendant in the District Court, was convicted under a count of an indictment which, after the formal parts, charged that he did "unlawfully and feloniously sell, barter, exchange, and give away to one Ira Curtis a certain quantity of a certain preparation and -derivative of opium, to wit, one package of morphine, approximately four grains, and did then and there sell, barter, exchange, and give away said quantity of morphine without, and not in pursuance of a written order of the said Ira Curtis on a form issued in blank for that purpose by the Commissioner of Internal Revenue of the United States." The count was based upon section 2 of the Act of Congress of December 17, 1914 (38 Stat. 785 [Comp. St. § 6287h]), which provides that "it shall be unlawful for any person to sell, barter, exchange, or give away any of the aforesaid drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Commissioner of Internal Revenue."

The evidence of the government was that about April, 1921, a government narcotic inspector, with a government agent and Ira Curtis, went to Stockton, where Curtis, who was an informer, went to Coleman's office and brought back a package of morphine hydrochloride. The two government agents then went to Coleman's office and placed him

under arrest. Upon his person, they found some of the marked money that had been paid to him by Curtis. They also found heroin and morphine in the defendant's office and a vial of morphine in his overcoat. The defendant told the agents that he had obtained the morphine from a Chinaman. No records were found in the defendant's office, except an envelope with "two or three notices" upon it. The order book was found, but the first page and duplicate had been torn off. Coleman could produce no record of his opium sales.

Coleman testified that he was a licensed, practicing physician; that he never sold morphine to any one before April 5, 1921, but that upon that date Curtis, who was known to him to be an addict, told him he was suffering and could not get morphine, whereupon, out of sympathy, defendant gave Curtis a package; that Curtis gave him $2; that he told Curtis he did not want the money; that he kept the $2. Defendant admitted that he himself used morphine for facial trouble.

Defendant's counsel argue that the indictment is fatally defective, because it fails to allege that defendant is or was one of the persons required to register under section 1 of the act referred to (Comp. St. § 6287g), or pay a tax. The indictment follows the language of the statute. It specifies the time, place, gives the name of the person to whom the drug was sold, describes the drug, and alleges want of written order of the buyer on a form issued in blank by the Commissioner of Internal Revenue. Section 1 of the statute does not limit the applicability of the provisions of section 2 to persons who import, manufacture, produce, compound, and sell, or to persons included within the provisions of section 8 of the act (Comp. St. § 6287n). The latter section (8) is applicable to persons not registered, while section 2 provides generally that it shall be unlawful for any person to sell, barter, exchange, etc. United States v. Wong Sing, 260 U. S. 18, 43 S. Ct. 7, 67 L. Ed. 105.

[1] The indictment does not allege that Coleman was a physician, or that he was registered or practicing as a physician. But it is not necessary for the pleader to allege that the sale or barter between Coleman and Curtis was not in the course of the practice of Coleman as a physician. An indictment drawn under the provisions of section 2 need not negative the existence of any of the conditions contained in section 2. In other words, if Coleman's acts were prop-

er, because done by him while he was lawfully practicing as a physician, it became incumbent upon him to interpose that defense. Weare v. United States (C. C. A.) 1 F.(2d) 617; Manning v. United States (C. C. A.) 275 F. 29; Hurwitz v. United States (C. C. A.) 299 F. 449. Furthermore, the concluding proviso of section 8 of the act referred to provides that it shall not be necessary to negative any of the aforesaid exemptions in any indictment or proceeding laid or brought under the act. It refers, not merely to the exemptions specified in section 8, but also to those mentioned anywhere in the act. Such is the expressed ruling of the Circuit Court of Appeals in Nelson v. United States, 298 F. 93, and in Fyke v. United States, 254 F. 225, 165 C. C. A. 513. We hold that the indictment is sufficient.

[2] Counsel say that the evidence shows that defendant was entrapped into the commission of the offense charged. The court, however, in its instructions, covered any possible question of entrapment, and, as no exceptions were preserved to the charge upon that point, or to the refusal to give instructions offered by defendant, it cannot be contended that there was error in refusing to charge as requested. Joyce v. United States (C. C. A.) 294 F. 665.

We find no error and affirm the judgment.