## BELLOMINI v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. March 16, 1925.)

No. 4172.

Poisons ⬅⟿9—Indictment held insufficient to charge offense under Harrison Anti-Narcotic Act.

Indictment charging that defendant "did unlawfully * * * have in his possession and under his control a certain compound commonly known as cocaine, * * * the said cocaine then and there in a package not stamped with appropriate tax-paid stamp, as required by, * * * *" *held* insufficient to charge offense under Harrison Anti-Narcotic Act, § 8 (Comp. St. § 6287n), and section 1, as amended by Act Feb. 24, 1919 (Comp. St. Ann. Supp. 1919, § 6287g), in absence of allegation that accused was one entitled to register his business under section 1.

In Error to the District Court for the Western District of Tennessee; J. W. Ross, Judge.

John Bellomini was convicted of violating the Harrison Anti-Narcotic Act, and he brings error. Judgment reversed, and defendant discharged.

Thomas J. Walsh, of Memphis, Tenn. (Ernest J. Bell, of Memphis, Tenn., on the brief), for plaintiff in error.

W. H. Fisher, Asst. U. S. Atty., of Memphis, Tenn. (S. E. Murray, U. S. Atty., and A. A. Hornsby, Asst. U. S. Atty., both of Memphis, Tenn., on the brief), for the United States.

Before DENISON and MOORMAN, Circuit Judges, and WESTENHAVER, District Judge.

PER CURIAM. This conviction for violating the Harrison Anti-Narcotic Act was based solely on count 2 of the indictment; the other counts being withdrawn from the jury. Count 2 seems to have been intended to charge an offense under section 8 of the act (section 6287n, Comp. St.), but with some aid from section 1 as amended February 24, 1919 (section 6287g, Comp. St. Ann. Supp. 1919). The part of this count now important is quoted in the margin.[1]

Since section 8 denounces only possession by a person not registered, it has been well understood, since the Jin Fuey Moy Case, 241 U. S. 394, 36 S. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854, that an indictment under this section must show that the person in possession was one of those entitled to register under section 1. This rule has not been changed by the amendments to section 1, which imposed a tax on the article and provided for tax stamps to be attached to the packages, and made further specific prohibitions. Section 1, as amended, does not denounce possession as an offense. Whether it makes any change in fixing the classes required to register is not clear. After providing for the taxation and the stamps, it says:

"It shall be unlawful for any person to purchase, sell, dispense, or distribute any of the aforesaid drugs except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of this section by the person in whose possession same may be found; and the possession of any original stamped package containing any of the aforesaid drugs by any person who has not

registered and paid special taxes as required by this section shall be prima facie evidence of liability to such special tax."

It may be thought that since the possession of a stamped package is prima facie evidence of liability to the tax, it is similar evidence that the person in possession was required to register and pay the tax, although he could hardly be put into any of the before stated classes, unless he was considered to be a wholesale or retail dealer under the distinctive definitions found in the amendment. If this were the right view, it would not be material here, for this indictment charges only the possession of an unstamped package; and the conclusion which may be drawn from that fact, as evidence, is that the person in possession is guilty of "a violation of this section," whatever that means. Any careful determination of its meaning is now unnecessary, since at the most the possession of the unstamped package is only prima facie evidence of the offense. We have, therefore, an indictment which states no offense, but which states only an evidential fact, and stops.

We think it entirely clear that this count of the indictment was not good, that the demurrer should have been sustained, that the judgment should have been arrested, and that the judgment must now be reversed and the defendant discharged.

<hr>

[1] "Did unlawfully, knowingly, willfully, and feloniously have in his possession and under his control a certain compound, commonly known as cocaine, a derivative of cocoa leaves, the exact amount and a more particular description of which is to the grand jurors unknown, the said cocaine then and there in a package which was not stamped with the appropriate tax-paid stamp, as required by the provisions of the Act of December 17, 1914, as amended by the Act of February 24, 1919."