## BALLESTRERO v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. April 20, 1925.)

No. 4403.

1. **Indictment and information ⬥111(1)—Petition alleging sale of cocaine not "originally in and from the original stamped package" held sufficient.**

Indictment, alleging that defendant, in violation of the Harrison Anti-Narcotic Act, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g), did "knowingly, willfully, unlawfully and feloniously purchase, sell, dispense and distribute a certain derivative of coca leaves, to wit, one bindle of cocaine containing approximately eighteen grains, which said cocaine was not then and there originally in and from the original stamped package," *held* sufficient without an allegation that defendant had not registered and paid special tax required by the act or that he was a person required to register and pay the tax.

2. **Criminal law ⬥1090(8)—Sufficiency of evidence to sustain conviction not considered in absence of bill of exceptions.**

Where no bill of exceptions was prepared, settled, or allowed, the sufficiency of the evidence to sustain conviction will not be considered, notwithstanding purported reporter's transcript, certified as correct by reporter, filed in lower court six months after judgment, and not attested by certificate of approval of judge.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Mario Ballestrero was convicted of selling cocaine, and he brings error. Affirmed.

John R. Jones, of San Francisco, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted under an indictment which alleged that he had violated the Harrison Anti-Narcotic Act, as amended February 24, 1919 (Comp. St. Ann. Supp. 1919, § 6287g), "in that the said defendant did then and there knowingly, willfully, unlawfully and feloniously purchase, sell, dispense and distribute a certain derivative of coca leaves, to wit, one bindle of cocaine containing approximately eighteen grains, which said cocaine was not then and there originally in and from the original stamped package."

[1] It is contended that the indictment is fatally defective, in that it fails to charge that the defendant had not registered and paid the special tax required by the act, or to charge that he was a person required to register and pay the special tax. To this it is sufficient to point to the fact that in view of the offense charged it was not necessary to allege or prove that the defendant was required to register or to pay a tax or to allege other facts than those which are set forth in the indictment. Sam Wong v. United States (C. C. A.) 2 F.(2d) 969; Coleman v. United States (C. C. A.) 3 F.(2d) 243; United States v. Wong Sing, 260 U. S. 18, 43 S. Ct. 7, 67 L. Ed. 105; Dean v. United States (C. C. A.) 266 F. 695; Pierriero v. United States (C. C. A.) 271 F. 912.

[2] The contention that there is no evidence proving or tending to prove violation of the statute is not properly before us for the reason that the record contains no bill of exceptions, and no bill of·exceptions was prepared, settled, or allowed in the court below. The plaintiff in error brings into this court what purports to be a reporter's transcript of the proceedings on the trial, certified to be correct by the reporter. It was filed in the court below six months after judgment and it is unattested by a certificate of approval of any judge.

It is urged that the defendant was incompetently represented by counsel on his trial and that his rights were not protected in the court below. There is no record from which we may authoritatively know what transpired on the trial, but if we turn to the purported transcript of the evidence, we find nothing therein to indicate that the defendant was not properly and adequately represented by counsel. Even if the attorney for the defendant was incompetent or unskillful, it is not conceivable that the court below permitted an unfair trial or failed properly to protect the rights of the defendant.

The judgment is affirmed.