## NG SING et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 30, 1925. Rehearing Denied January 4, 1926.)

No. 4577.

1. **Criminal law 753(1)—Request to present motion for directed verdict, in absence of jury, addressed to discretion of judge.**

A request for leave to present motion for directed verdict, in absence of jury, is addressed to the sound discretion of trial court, and error cannot be predicated thereon where the court denied motion without comment of any kind.

2. **Criminal law 369(2)—Questioning defendant as to similar sale held not error.**

In prosecution for violation of Harrison Narcotic Act (Comp. St. §§ 6287g–6287q), and Narcotic Drugs Import and Export Act (Comp. St. Ann. Supp. 1923, § 8800 et seq.), cross-examining defendant as to a specific sale previous to the offense charged, which accused denied, held not error, though tending to show another offense.

3. **Criminal law 1168(4)—Refusal to strike testimony as to violation of liquor laws received without objection held not error, in view of charge.**

In prosecution for violation of Harrison Narcotic Act (Comp. St. §§ 6287g–6287q), and Narcotic Drugs Import and Export Act (Comp. St. Ann. Supp. 1923, § 8800 et seq.), where testimony was received without objection as to finding of illicit stills and intoxicating liquor on premises, refusal to strike such testimony held not error, where court instructed jury to disregard it.

4. **Criminal law 762(1)—Court's expressions of opinion not error, where questions of fact left for jury.**

Comment of the trial court on the facts in a criminal prosecution, and expressions of opinion adverse to accused, held not error, where the court clearly left the questions of fact to determination of jury.

5. **Criminal law 829(1)—Error cannot be predicated on refusal of instructions covered by general charge.**

Error cannot be predicated on refusal to give instructions sufficiently covered by the general charge.

6. **Criminal law 1036(8)—Consideration of sufficiency of evidence, not questioned in trial of court, matter of grace on writ of error.**

Where accused at the trial fails to question sufficiency of evidence to support verdict he can only raise such question on writ of error as a matter of grace to prevent a plain or palpable miscarriage of justice.

7. **Poisons 9—Evidence of possession of narcotic drugs held to make defendant's guilt question for jury, and to support conviction.**

Evidence in prosecution for violation of Harrison Narcotic Act (Comp. St. §§ 6287g–6287q), and Narcotic Drugs Import and Export Act (Comp. St. Ann. Supp. 1923, § 8800 et seq.), held to make question of defendant's guilt one for jury, and to support judgment of conviction.

8. **Poisons 4—Smoking opium held not excepted from narcotic acts as "preparation" or "remedy."**

Opium prepared for smoking is not a "preparation" or "remedy" sold or distributed as a medicine, within the exception of Harrison Narcotic Act, § 6 (Comp. St. § 6287l), and such exception has no application whatever to Narcotic Drugs Import and Export Act (Comp. St. Ann. Supp. 1923, § 8800 et seq.).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Preparation; Remedy.]

9. **Poisons 4—Act prohibiting sales from unstamped packages not limited to persons required to register.**

While section 8 of the Harrison Narcotic Act (Comp. St. § 6287n) has reference to those persons only who are required to register under section 1 (section 6287g), the amendatory Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g), prohibiting sales except in original stamped package, or from original stamped package, is of general application, and is not thus limited.

10. **Poisons 9—Possession of smoking opium in unstamped packages creates presumption of guilt for jury.**

The possession of smoking opium in unstamped packages creates a presumption of violation of Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g), and Act Feb. 9, 1909, § 2, as amended by Act Jan. 17, 1914, as amended by Act May 26, 1922, § 1 (Comp. St. Ann. Supp. 1923, § 8801), which alone is sufficient to carry question of defendant's guilt to jury.

11. **Criminal law 925½(2)—Denial of motion for new trial, based on ground that jurors visited premises of defendant, held not abuse of discretion.**

Motion for new trial in criminal prosecution is addressed to sound discretion of court, no abuse of which is shown by denial of motion, because certain jurors in narcotic prosecution visited defendants' place of business where opium was found, where the affidavits and testimony convinced the trial court that defendants suffered no prejudice.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Ng Sing and Ng Gin were convicted of violations of the Harrison Narcotic Act

and the Narcotic Drugs Import and Export Act, and they bring error. Affirmed.

This is a writ of error to review a judgment of conviction under the Harrison Narcotic Act (Comp. St. §§ 6287g–6287q) and the Narcotic Drugs Import and Export Act (Comp. St. Ann. Supp. 1923, § 8800 et seq.). The first count is based on section 1 of the Act of December 17, 1914 (38 Stat. 785), as amended by the Act of February 24, 1919 (40 Stat. 1131 [Comp. St. Ann. Supp. 1919, § 6287g]), which provides: "It shall be unlawful for any person to purchase, sell, dispense, or distribute any of the aforesaid drugs except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of this section by the person in whose possession same may be found."

The second count is based on section 2 of the Act of February 9, 1909 (35 Stat. 614), as amended by section 2 of the Act of January 17, 1914 (38 Stat. 276), as amended by section 1(c) of the Act of May 26, 1922 (42 Stat. 596 [Comp. St. Ann. Supp. 1923, § 8801]), which provides: "(c) That if any person fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or assists in so doing, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, such person shall upon conviction be fined not more than $5,000 and imprisoned for not more than ten years."

Subdivision (f) of the same section further provides: "(f) Whenever on trial for a violation of subdivision (c) the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains the possession to the satisfaction of the jury."

The jury returned a verdict of guilty as to both counts, and a motion for new trial was denied.

Paul W. Schenck and Richard Kittrelle, both of Los Angeles, Cal., and Green & Gillis, of San Francisco, Cal., for plaintiffs in error.

Samuel W. McNabb, U. S. Atty., and J. Edwin Simpson, Asst. U. S. Atty., both of Los Angeles, Cal.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

RUDKIN, Circuit Judge (after stating the facts as above). [1,2] When the government rested its case, counsel for the plaintiffs in error asked leave to present a motion for a directed verdict of not guilty as to the first count of the indictment, in the absence of the jury, and the denial of this request is assigned as error. Such requests are always addressed to the sound discretion of the trial court, and no abuse of discretion is here shown or claimed, inasmuch as the court denied the motion for a directed verdict without comment of any kind. One of the plaintiffs in error testified in his own behalf that he did not have possession of the opium in question and had no knowledge of its presence on the premises. On cross-examination he was asked if he had not sold a similar tin of opium to one Hong Ding a few days before his arrest. This question was objected to on various grounds, but the objection was overruled. The witness answered the question in the negative, and the ruling on the objection is assigned as error. We are not prepared to say that the sale of a similar tin of opium by the witness a few days before his arrest would not have some tendency to establish the charge of possession, and, if it had such tendency, the ruling on the objection was not erroneous, even though the testimony might tend to show the commission of another crime.

[3] One of the witnesses for the government testified, without objection, that he found about 500 gallons of liquor on the premises and three stills not connected up or in operation. A motion to strike this testimony was later interposed by the plaintiffs in error, but the court denied the motion, saying that it was harmless anyway; that they were not on trial for that. And in the charge to the jury the court said: "Testimony has been given as to the finding of some intoxicating liquor and a still or something of that sort on the premises at the time this raid was made. Of course, you have heard that the defendants pleaded guilty to this possession. Now, obviously, the fact that the defendants had liquor there, if they did, as seems to be certain by the fact that they pleaded guilty to it, is not of itself any reason or excuse of justification for an honest man indulging in the suspicion that because of that fact they also had opium. It is not true that one who possesses liquor unlawfully is in possession of the narcotics. The only reason for offering the testimony was that it tended to show

the responsibility of the defendants for the maintenance of the place of business. * * * So, as a matter of fact, it is your duty to disregard the testimony about the liquor."

It will thus be seen that the jury was instructed to disregard all testimony relating to the liquor. More than this the court could not have done after the testimony came in without objection.

[4–6] Exceptions were reserved to certain portions of the charge of the court, but the most that can be said in support of the exceptions is that the court commented on the facts and expressed opinions adverse to the plaintiffs in error. This course is always permissible in a federal court, provided always that questions of fact are ultimately left to the jury, and the rights of the plaintiffs in error in that regard were carefully safeguarded by the court. Exceptions were also reserved to the refusal of the court to give certain instructions requested by the plaintiffs in error. These requests, so far as pertinent, were sufficiently covered by the general charge of the court. The main contention of the plaintiffs in error is that the evidence is not sufficient to support the verdict. This question was not raised in the trial court as to the second count of the indictment until after verdict, and can only be raised in this court now as a matter of grace to prevent a plain or palpable miscarriage of justice. Furthermore, the failure to raise the objection as to the second count at the proper time and in a proper manner was not an oversight on the part of counsel, because the objection was twice urged as to the first count; once at the close of the testimony on the part of the government, and again at the close of all the testimony, by a request for a peremptory instruction.

The facts disclosed by the record are substantially these: At the time in question the plaintiffs in error occupied the premises known as 317 and 319 Apablasa street in Los Angeles as a drug store and general merchandise store. Back of the two storerooms was a narrow area about 4 feet in width, surrounded by a fence from 8 to 14 feet high, according to the estimates of different witnesses. The only means of ingress to this area way was through the back door of the storerooms in question, unless one should climb the fence, enter through a gate against which a large quantity of lumber was piled, or gain admission by means of a ladder from an upper story of the building or over the fence. Upon a search of the prem-

ises the officers found two of the seven tins of opium a short distance from the back door. The tins were wrapped in paper, placed between two jugs and a barrel placed over them. The two tins thus found were exhibited to one of the plaintiffs in error, and he was asked if he had any more. The answer was: "No more." The officer then stated that they intended to dig up the entire back yard and search all over the store, and that, if the plaintiff in error had any more opium, he might as well produce it. To this the same answer was given: "No more." Upon further search of the premises the five additional tins were found concealed under a pile of lumber. These were exhibited to the plaintiffs in error, accompanied by the statement: "You said you had no more, see what we have found." To this the plaintiffs in error made no response.

[7] Under the foregoing facts it cannot be said, as a matter of law, that the verdict is without support in the testimony. The opium, though contraband, was of considerable value to those desiring to use it for their own purposes or to make other disposition of it, and it would seem reasonable to assume that it was concealed where it was found by some person or persons who had reasonable assurance that it would not be found or disturbed by others. The occupants of the premises alone could have that assurance, and the mere fact that others might gain access to the premises by unusual or extraordinary means, or even by ordinary means, would not justify the court in determining the question as one of law, unless we are prepared to hold that a jury would in no case be warranted in finding that property concealed in a place under the control and dominion of a party accused of crime was in his possession so long as other parties had access to the premises or place of concealment. We are not prepared to so rule. No doubt the weight of such testimony depends upon the character of the property, the place of concealment, its accessibility to others, and many other circumstances, but in the end the question is ordinarily one of fact for the jury, and this case forms no exception to that rule.

[8] Section 6 of the Act of December 17, 1914, supra (Comp. St. § 6287l), provides: "That the provisions of this act shall not be construed to apply to the sale, distribution, giving away, dispensing, or possession of preparations and remedies which do not contain more than two grains of opium, or more than one-fourth of a grain of morphine, or more than one-eighth of a grain of heroin,

or more than one grain of codeine, or any salt or derivative of any of them in one fluid ounce, or, if a solid or semisolid preparation, in one avoirdupois ounce; or to liniments, ointments, or other preparations which are prepared for external use only, except liniments, ointments, and other preparations which contain cocaine or any of its salts or alpha or beta eucaine or any of their salts or any synthetic substitute for them: Provided, That such remedies and preparations are sold, distributed, given away, dispensed, or possessed as medicines, and not for the purpose of evading the intentions and provisions of this act. The provisions of this act shall not apply to decocainized coca leaves or preparations made therefrom, or to other preparations of coca leaves which do not contain cocaine."

It is contended by the plaintiffs in error that the proof fails to show that the opium in question does not fall within this exception. It is quite apparent, however, that opium prepared for smoking is neither a preparation nor a remedy within the meaning of this provision, and it is further apparent that it is not sold or distributed as medicine, and not for the purpose of evading the provisions of the act. Furthermore, the exception has no application whatever to the Narcotic Drugs Import and Export Act, which is the basis of the second count of the indictment.

[9, 10] In support of the contention that there was no testimony to support a conviction under the first count of the indictment, counsel seems to confound possession under the amendment of 1919, supra, with possession under section 8 of the original act (Comp. St. § 6287n). While it has been held repeatedly that section 8 has reference to those persons only who are required to register under section 1 (United States v. Jin Fuey Moy, 241 U. S. 394, 36 S. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854), it has likewise been held that the act of 1919 is of general application and is not thus limited (United States v. Wong Sing, 260 U. S. 18, 43 S. Ct. 7, 67 L. Ed. 105). The plaintiffs in error are therefore subject to the presumption arising from possession under the amendment of 1919, and that presumption alone would carry the case to the jury. For the like reason, the contention that there was no testimony tending to show that the opium was imported contrary to law, or that the plaintiffs in error had knowledge that it was so imported, is without merit. In both instances the statutes supply the proof by way of a presumption arising from proof of possession. Luria v. United States, 231 U. S. 9, 34 S. Ct. 10, 58 L. Ed. 101; Yee Hem v. United States, 268 U. S. 178, 45 S. Ct. 470, 69 L. Ed. 904.

[11] During the trial, which occurred about a year after the arrest, two of the jurors visited the storerooms of the plantiffs in error and the place at the rear where the opium was found. A motion for a new trial was interposed because of this incident. The motion was heard on affidavits and on testimony taken in open court, and from a full consideration of all the testimony the court was convinced that the plaintiffs in error were in nowise prejudiced by the incident complained of. The motion for a new trial was addressed to the sound discretion of the court, and no abuse of discretion is shown. Smith v. United States, 231 F. 25, 145 C. C. A. 213; Rossi v. United States (C. C. A.) 278 F. 349.

We find no error in the record, and the judgment is affirmed.