### REESE v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. July 12, 1926. Rehearing Denied October 12, 1926.)

No. 4606.

1. Poisons ⬤⇒2.

Amendments by Act Feb. 24, 1919, § 1006, and Act Nov. 23, 1921, § 1005, declaring purchase of narcotic drugs not in original stamped packages or from original stamped packages to be unlawful, held to be integral part of original

Act Cong. Dec. 17, 1914, and penalties provided in section 9 apply thereto (Comp. St. Ann. Supp. 1923, § 6287g; Comp. St. § 6287o).

2. Poisons ⬤⇒4.

Count alleging unlawful possession of narcotic drugs not in packages bearing original and appropriate canceled revenue stamps, nor in original stamped packages, by a person not required to register and pay the special tax, held to allege no offense under Harrison Anti-Narcotic Law, § 1, as amended by Act Feb. 24, 1919, § 1006, and Act Nov. 23, 1921, § 1005 (Comp. St. Ann. Supp. 1923, § 6287g).

3. Poisons ⬤⇒2.

Harrison Anti-Narcotic Law, § 1, as amended by Act Feb. 24, 1919, § 1006, and Act Nov. 23, 1921, § 1005, held constitutional (Comp. St. Ann. Supp. 1923, § 6287g).

4. Criminal law ⬤⇒1114(1).

Circuit Court of Appeals cannot reverse conviction because of excessive sentence, when not advised as to facts and sentences coming to knowledge of court imposing sentence.

5. Criminal law ⬤⇒1177.

Where conviction on one of two counts was reversed, judgment will be affirmed, where sentence imposed on both counts was only what might have been imposed on one.

In Error to the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

Otis Reese was convicted of unlawful purchase and of unlawful possession of narcotic drugs, and he brings error. Affirmed.

Otis Reese, pro se.

Delos G. Smith, U. S. Atty., of Detroit, Mich. (Charles A. Meyer, Asst. U. S. Atty., of Detroit, Mich., on the brief), for the United States.

Before DONAHUE and MOORMAN, Circuit Judges, and HICKENLOOPER, District Judge.

DONAHUE, Circuit Judge. The indictment in this case contained two counts. The first count charged the plaintiff in error with the unlawful purchase of narcotic drugs, which drugs, when so purchased, were not in the original stamped package, and not from the original stamped package. The second count charged plaintiff in error with the unlawful possession of these drugs, not being in packages bearing the original and appropriate canceled revenue stamps, nor in the original stamped packages. Reese pleaded guilty to both counts, and was sentenced by the court to four years' imprisonment in United States penitentiary at Leavenworth, where he is now serving this sentence.

[1] It is the claim of the plaintiff in error

that the first count of the indictment charges no offense, and that the court had no jurisdiction to impose judgment and sentence on that count, for the reason that the amendment of February 24, 1919 (40 Stat. 1130, § 1006) and November 23, 1921 (42 Stat. 298, § 1005 [Comp. St. Ann. Supp. 1923, § 6287g]), while declaring that the purchase of narcotic drugs not in the original stamped package, or from the original stamped package, shall be unlawful, yet failed to provide for the punishment of the purchaser. Section 1 of the original act of Congress of 1914 (38 Stat. 785), commonly called the Harrison Anti-Narcotic Law, restricted the sale of narcotics, and prescribed certain methods for importing, manufacturing, dealing, dispensing and selling the same, the violations of which provision were declared to be unlawful. Section 9 of the original act provides that any person who violates or fails to comply with any requirements of this act shall, on conviction, be fined not more than $2,000, or be imprisoned not more than 5 years, or both, in the discretion of the court. The Act of February 24, 1919, purports to be and is an amendment of section 1 of the original act, and the Act of November 23, 1921, re-enacts without change section 1 as amended February 24, 1919. These amendments became and are an integral part of the original act, and the penalties provided in section 9 (Comp. St. § 6287o) have the same application to offenses under the amendment to section 1 as to the offenses defined in section 1 of the original act.

[2] It is also contended upon the part of the plaintiff in error that the second count of this indictment charges no offense for the reason that the amendment to section 1 of the original act does not make the possession of narcotic drugs in unstamped packages, by a person not required to register and pay the special tax, an offense, but rather evidence of offenses therein defined and prohibited. This contention is sustained on authority of Bellomini v. U. S. (C. C. A.) 4 F.(2d) 104.

[3] The question of the constitutionality of this act is settled, so far as this court is concerned, by the decision of the Supreme Court in U. S. v. Doremus, 249 U. S. 86, 39 S. Ct. 214, 63 L. Ed. 493, and Webb et al. v. U. S., 249 U. S. 96, 39 S. Ct. 217, 63 L. Ed. 497, and the constitutionality of the amendment of February 24, 1919, was sustained by the Supreme Court in U. S. v. Wong Sing, 260 U. S. 18, 43 S. Ct. 7, 67 L. Ed. 105.

[4] There is also a suggestion that the sentence of the court is excessive. The first count of the indictment charges the defendant with the purchase of a large quantity of narcotics, and to this the defendant pleaded guilty. This court is not advised as to the facts and circumstances coming to the knowledge of the court imposing the sentence, and is therefore in no position to reverse for that reason.

[5] It appearing that the court imposed but one sentence upon both counts, and that, in the discretion of the court, that sentence might have been imposed upon count 1, the judgment is affirmed.