## SMITH v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 28, 1927.)

No. 7500.

**1. Poisons ⬳6—Count alleging sale of morphine without having registered held fatally defective, in failing to charge defendant was required to register.**

Count alleging sale of cocaine and morphine with intent to defraud United States without having first registered and paid special tax *held* fatally defective, in failing to charge that defendant was person required by law to register.

**2. Poisons ⬳9—Indictment for selling narcotics from unstamped containers need not allege sale on written order.**

Indictment for sale of narcotics from unstamped containers need not allege that sale was made on written order.

**3. Poisons ⬳9—Indictment for selling narcotics from unstamped containers held to charge violation of Anti-Narcotic Act (Comp. St. §§ 6287g-6287q).**

Indictment charging sale of narcotics from unstamped containers *held* to charge a violation of the Anti-Narcotic Act (Comp. St. §§ 6287g–6287q).

**4. Poisons ⬳9—Count for selling narcotics from unstamped containers need not allege defendant was dealer required to register (Anti-Narcotic Act, § 1, as amended by Act Feb. 24, 1919 [Comp. St. § 6287g]).**

Count for sale of narcotics from unstamped containers need not allege that defendant was dealer in narcotics and required to register as such, since Anti-Narcotic Act, § 1, as amended by Act Feb. 24, 1919 (Comp. St. § 6287g), applies to all persons, whether doctors or not.

**5. Indictment and information ⬳125(4)—Indictment charging failure to register as narcotic dealer and sale from unstamped containers not in pursuance of written order held not duplicitous.**

Count alleging failure to register as dealer in narcotics and sale of narcotics from unstamped containers not in pursuance of written order *held* not duplicitous, when omitting surplus allegations as to requirement to register and written order.

**6. Indictment and information ⬳125(47)—To constitute duplicity, two or more offenses must be sufficiently described.**

To constitute duplicity, two or more offenses must be sufficiently described, since additional allegations, merely tending to show commission of distinct offenses, but not suffi-

cient in themselves to constitute charge, do not invalidate indictment or information.

**7. Indictment and information ⬳119—Indictment containing unnecessary allegation must be sustained, unless prejudicial to defendant (Comp. St. § 1691).**

Under Rev. St. § 1025 (Comp. St. § 1691), indictment containing unnecessary allegation must be sustained, unless defendant was prejudiced by reason thereof.

**8. Criminal law ⬳507(4)—Decoy employed by officer making purchase from defendant is not "accomplice."**

Fact that an officer charged with execution of law employs a decoy, and decoy makes purchase from defendant, does not make him an "accomplice."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accomplice.]

**9. Indictment and information ⬳86(2)—Charging sale of narcotics at town under name by which it was generally known, although not under official name, held not prejudicial (Comp. St. § 1691).**

Where indictment for sale of narcotics from unstamped containers alleged offense was committed in town under name by which evidence showed it was generally known and spoken of, although it was officially known under another name, defendant could not have been prejudiced thereby, within meaning of Rev. St. § 1025 (Comp. St. § 1691).

**10. Criminal law ⬳1167(2)—Invalidity of count held not to affect defendant injuriously, where sentence was concurrent with that on valid count.**

Invalidity of one count *held* not to affect defendant injuriously, where sentence imposed thereon was concurrent with that imposed on valid count.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Marcelle Smith was convicted under counts for possession of morphine with intent to defraud the United States, and for sale without registering, of narcotics which were unstamped and not in pursuance of written order, and she brings error. Reversed as to count first mentioned, and affirmed as to the other count.

John T. Harley, of Tulsa, Okl., for plaintiff in error.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl. (W. B. Blair, Asst. U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before LEWIS and KENYON, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. The indictment contains four counts, but the verdict of

the jury found her guilty on the second and fourth counts only. The sentence of imprisonment on both counts is concurrent.

The second count charged her with the possession in the town of Slick, Okfuskee county, Okl., of one eighth-ounce bottle of cocaine and one ounce bottle of morphine with intent to defraud the United States, without having first registered and paid the special tax as provided by law, but failed to allege that she was a person required by law to register.

[1] The failure to charge that she was a person required by law to register is fatal. United States v. Jin Fuey Moy, 241 U. S. 394, 402, 36 S. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854; Franklin v. Biddle, 5 F. (2d) 19, 21, decided by this court; Swartz v. United States, 280 F. 115 (C. C. A. 5). The demurrer to that count should have been sustained.

The fourth count charges that she was a person required by law to register with the internal revenue collector of the district, being a dealer in narcotics, but had failed to do so, and that she sold certain quantities of narcotics, to wit, one eighth-ounce bottle of cocaine, which was unstamped, and one ounce can of morphine, which was unstamped, both derivatives of opium, in the town of Slick, Okfuskee county, Okl., to one Fred H. Farrar, and was not in pursuance of a written order of said Fred H. Farrar. The sufficiency of this count is attacked upon the ground that it is duplicitous, charging a sale of the narcotics which were not in stamped containers, and that the sale was not made on a written order of Farrar.

[2, 3] The latter part of the charge was clearly surplusage, as the law does not require a written order to be alleged in the indictment for a sale of narcotics from unstamped containers, nor is it alleged that Farrar was a person authorized by law to give written orders for the purchase and sale of narcotics. That part of the indictment does not charge an offense and may be disregarded. The other charge of the sales from unstamped containers is the only one to be considered and it clearly charges a violation of the Anti-Narcotic Act (Comp. St. §§ 6287g–6287q). United States v. Noveck, 271 U. S. 201, 203, 46 S. Ct. 476, 70 L. Ed. 904.

[4] Nor was it necessary to allege in that count that the defendant was a dealer in narcotics, and required to register as such, as section 1 of the original act, as amended by Act Feb. 24, 1919 (40 St. 1130), being Comp. St. § 6287g, applies to all persons, whether doctors or not. United States v. Wong Sing,

260 U. S. 18, 43 S. Ct. 7, 67 L. Ed. 105; Ng Sing v. United States, 8 F. (2d) 919, decided by this court.

[5] Omitting these allegations, this count is clearly not duplicitous. Norton v. United States, 205 F. 593, 595 (C. C. A. 8); United States v. Sugar (D. C.) 243 F. 423, affirmed 252 F. 79 (C. C. A. 6); Theobald v. United States, 3 F. (2d) 601 (C. C. A. 8); Albrecht v. United States, 273 U. S. ——, 47 S. Ct. 250, 71 L. Ed. ——, opinion filed January 3, 1927.

[6] The rule is well stated in 31 C. J. p. 773, par. 334: "Since to constitute duplicity two or more offenses must be sufficiently described, additional allegations which merely tend to show the commission of distinct offenses, but are not sufficient in themselves to constitute a charge thereof, will not invalidate the indictment or information, the generally accepted rule being that they may be rejected as surplusage."

[7] We can imagine no reason for holding that the defendant has been prejudiced by reason of these unnecessary allegations in that count, and, unless she was prejudiced, the indictment must be sustained under section 1025, R. S. (Comp. St. § 1691).

[8] It is next claimed that the court in refusing to charge the jury that Oma Smith, who made the purchase of the narcotics from the defendant for Farrar, who gave her the money to make the purchase, and Farrar, were accomplices of the defendant, and therefore the jury should have been cautioned as to the weight to be given to their evidence. The fact that an officer charged with the execution of a law employs a decoy, and the decoy makes the purchase from the defendant, does not make him an accomplice. This was decided by this court in a late case. Lett v. United States, 15 F. (2d) 690. Oma Smith acted under the direction and at the request of Farrar, who was a federal narcotic inspector.

[9] Nor can the contention that there is no such town as "Slick" in Okfuskee county be sustained. The evidence establishes that the town in Okfuskee county, where the offense was committed, is officially known as "Papoose," but generally known and spoken of as "Slick City" and "Slick." This was sufficient, as the defendant could in no wise be misled or prejudiced as to the place the offense is charged to have been committed by her. Section 1025, R. S., applies.

The contention as to the charge of the court on a reasonable doubt is clearly without merit. The court in plain language explained to the jury what constitutes a reason-

able doubt, nor did counsel ask for a more specific instruction.

The refusal of the court to direct a verdict of not guilty was proper, as there was ample testimony on the part of the government, if believed by the jury, and the verdict is conclusive evidence that they did believe the witnesses for the government.

[10] As the sentence on the second count is concurrent with that imposed on the fourth count, its invalidity does not affect the defendant injuriously.

The sentence on the fourth count is affirmed.