## ACUNA v. UNITED STATES.
### No. 7281.

Circuit Court of Appeals, Fifth Circuit.

Dec. 18, 1934.

U. S. Goen, of El Paso, Tex., for appellant.

W. R. Smith, Jr., U. S. Atty., of San Antonio, Tex., and Walter S. Howe, Asst. U. S. Atty., of El Paso, Tex.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

There was conviction and sentence of Acuna on two counts framed under the Harrison Narcotic Law (26 USCA §§ 211, 691–

707), one for having in possession twelve grains of morphine without having registered and paid tax as required by the act, he being a dealer therein; the other for purchasing that morphine not 'in or from an original stamped package from a person unknown. The chief error assigned on appeal is the refusal to instruct a verdict of not guilty on each count. The evidence was in conflict, but that most consistent with guilt was to the effect that Acuna told one Rocha he would sell "dope" at $40 per ounce, and pay Rocha a commission of $10, that a week later Rocha made contact with Macias, who was an informer for the narcotic officers but not so known to Rocha. An agreement resulted between Macias and Acuna for the sale of four ounces of morphine for $160, to be delivered and paid for at the hotel room of Macias. The package containing smaller packages marked morphine but unstamped was exhibited by Acuna to Macias in Acuna's garage, and along with it a bottle also unstamped containing about twelve grains of morphine said to be a sample like that in the package. Macias tested some from the bottle with acid, and ascertained it to be morphine, and they drove in Acuna's car to the hotel to complete the transaction. There Acuna was arrested and the package and bottle were seized. The bottle did contain morphine, but the package, so far as ascertained, contained chalk. Rocha testified that he knew that Acuna was not to sell morphine but chalk. "I knew that most of it was chalk, but thought that a little in the bottom was morphine. Mr. Acuna said he would put a little morphine in it so the buyer would think it was all right." Acuna did offer to Macias to allow a test either from the bottle or from the package, and Macias chose the bottle. Acuna testified he sold the chalk to Macias because he was angry with him about an automobile trade, and denied that he had possession of the bottle, but claimed that Macias had it as a standard of comparison. It was testified that Acuna said to a companion when the officers approached: "Have you thrown it away?" and after arrest offered Rocha $1,000 to take the blame and clear him. Acuna lived in El Paso, Tex., where the transactions all occurred.

As to the first count, it is argued that the evidence shows that Acuna was a dealer in chalk, not morphine, and, while a swindler, is not guilty of the federal offense charged; that if he possessed morphine, he was not a dealer required to register because the circumstances indicate and his conviction on the second count proves that the morphine was

from an unstamped package. In order to be convicted for possession under section 8 of the act, 26 USCA § 700, he must have been a dealer required to register. United States v. Jin Fuey Moy, 241 U. S. 394, 36 S. Ct. 658, 60 L. Ed. 1061. It has several times been held that dealers in unstamped drugs are not required to register since they are not taxed. Stokes v. United States (C. C. A.) 39 F.(2d) 440; Russell v. United States (C. C. A.) 26 F.(2d) 363, and cases cited. Perhaps registration of dealers in unstamped drugs is required since it might serve to aid in collecting taxes on the drugs, although no tax be due from such dealers. We make no decision on the first count, since the sentence may be supported on the second count alone.

■ The second count charges purchase from an unstamped package by Acuna from an unknown seller. There is no direct evidence of purchase by him at any time or place from any sort of package. The conviction must rest on his possession of the unstamped bottle containing twelve grains of morphine aided by the presumption set up in the statute thus: "It shall be unlawful for any person to purchase * * * any of the aforesaid drugs except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of this section by the person in whose possession same may be found." Section 1, as amended (26 USCA § 692). This provision applies to every person, whether required to register as a dealer or not. United States v. Wong Sing, 260 U. S. 18, 43 S. Ct. 7, 67 L. Ed. 105. The statutory presumption is not arbitrary or unreasonable or without any logical basis. Persons ordinarily do not and cannot make morphine, but get it most often by buying it. If it is found in an unstamped container, there is some probability that it was acquired unstamped. The possessor best knows how and where he got it, and the statute affords him full opportunity to show the truth. The prima facie presumption indeed is only a means of putting the burden of proof on him as to matters within his peculiar knowledge, and there is nothing new or unreasonable in doing that. But it is specially urged that venue cannot be presumed, and it was so held at first under this statute. The Supreme Court in Casey v. United States, 276 U. S. 413, 48 S. Ct. 373, 72 L. Ed. 632, referred to these decisions and disapproved them, affirming the holding in (C. C. A.) 20 F.(2d) 752, that venue could be so established and that

Congress must have intended the presumption to cover the place of purchase as well as the fact of purchase, since there was the same difficulty of proof of each to the prosecution, and the same facility to the accused of showing the truth if the presumption was in any case incorrect. As pointed out in the Casey Case, there is some initial probability that the presumed purchase occurred in the place where the possessor has the morphine when it is his fixed residence, and he is not shown to have gone elsewhere for it. See, also, Killian v. United States, 58 App. D. C. 255, 29 F.(2d) 455. Thus with the burden of explanation on him, Acuna explained only by denying, and his denial, in conflict with the testimony of several witnesses and with the circumstances, was very reasonably disbelieved, leaving him with no explanation.

The charges refused appear to relate to the first count, and need not be considered. Since the second count supports the sentence, the judgment is affirmed.